UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

In Re: David Gordon Wallace Jr.

Case No.: 15–31594

Debtor

ENTERED
03/25/2015

Chapter: 7

---

*NOTICE AND ORDER THAT FEDERAL RULE 15, AS MADE APPLICABLE BY BANKRUPTCY RULE 7015, SHALL APPLY WHENEVER AN OBJECTION TO A PROOF OF CLAIM IS FILED*

Federal Rule of Bankruptcy Procedure 9014(c) (Bankruptcy Rule 9014(c)) makes the following Federal Rules of Bankruptcy Procedure applicable in contested matters: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071. Fed. R. Bankr. P. 9014(c). Bankruptcy Rule 9014(c) also provides that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order." Fed. R. Bankr. P. 9014(c).

Pursuant to Bankruptcy Rule 9014(c), this Court may elect to apply Federal Rule of Bankruptcy Procedure 7015 (Bankruptcy Rule 7015) in contested matters concerning proofs of claim. *See, e.g., In re MK Lombard Group I, Ltd.*, 301 B.R. 812, 816 (Bankr. E.D. Pa. 2003) (applying Bankruptcy Rule 7015 after the debtor filed an objection to a proof of claim); *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir. 1992) (upholding the bankruptcy court's refusal to allow amendments to objected–to proofs of claim where those amendments did not comply with Fed. R. Civ. P. 15, as applied through Bankruptcy Rule 7015); *In re Best Refrigerated Express, Inc.*, 192 B.R. 503, 506 (Bankr. D. Neb. 1996) (applying Rule 7015 to a proposed amendment to a proof of claim once an objection to the proof of claim had been filed); *In re Blue Diamond Coal Co.*, 147 B.R. 720, 725 (Bankr. E.D. Tenn. 1992) (requiring creditor to comply with Fed. R. Civ. P. 15, through Bankruptcy Rule 7015, when amending a proof of claim to which the debtor had objected); *In re Brown*, 159 B.R. 710, 714 (Bankr.D.N.J.1993) (noting that Rule 15's "standards for allowing amendments to pleadings in adversary proceedings . . . also apply to amendments to a proof of claim"); *In re Enron Corp.*, 298 B.R. 513, 521–22 (Bankr. S.D.N.Y. 2003) (applying Bankruptcy Rule 7015 and, by extension, Fed. R. Civ. P. 15, once the debtor objects to a proof of claim); 10 Collier on Bankruptcy ¶ 7015.02 n.1 (Matthew Bender 15th ed. Rev.) ("If the court so directs, Fed. R. Bankr. P. 7015 may also apply to any contested matter by virtue of Fed. R. Bankr. P. 9014.").

This court has decided to apply Bankruptcy Rule 7015 in contested matters concerning proofs of claim. Thus, in this case, once an objection is filed to a proof of claim, then, pursuant to Rule 15 of the Federal Rules of Civil Procedure, no amendments to the proof of claim shall be allowed without leave of this Court or written consent of the objecting party, unless such amendments are made within the time limit set forth in Rule 15. *Sanctions may be imposed against any claimant who files an amended proof of claim without having first obtained leave of this Court or the written consent of the objecting party, unless such amendments are made within the time limit set forth in Rule 15.*

It is therefore

ORDERED that Federal Rule 15, made applicable by Bankruptcy Rule 7015, shall apply when an objection is filed to a proof of claim; and it is further

ORDERED that sanctions may be imposed against any claimant who files an amended proof of claim without having first obtained leave of this Court or the written consent of the objecting party.

Signed and Entered on Docket: 3/25/15

_____
JEFF BOHM
United States Bankruptcy Judge