**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | **Case No. 15-31594** |
| | § | **(Chapter 7)** |
| **DEBTOR** | § | |
| | § | |

**APPLICATION OF RODNEY D. TOW, CHAPTER 7 TRUSTEE,**
**FOR AUTHORITY TO EMPLOY DIAMOND McCARTHY LLP**
<u>**AS GENERAL COUNSEL TO THE TRUSTEE**</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JEFF BOHM:

<u>**SUMMARY OF PROPOSED EMPLOYEMENT APPLICATION**</u>

| | |
|---|---|
| Name of Trustee: | Rodney D. Tow |
| Name of Professional to be Employed: | Diamond McCarthy LLP |
| Reason that Employment of Professional is Needed: | To assist the trustee with his duties as set forth in § 704 of the Bankruptcy Code. |
| Compensation Arrangement | Hourly fee arrangement |
| Reason the Trustee selected the Professional | Diamond McCarthy LLP has previously represented the Trustee on Chapter 7 cases involving complex matters. Diamond McCarthy has substantial experience dealing with partnership interests and other investments in bankruptcy.  In this respect, the firm is both highly qualified and uniquely able to represent the Trustee in this case. |
| Why employment is in the best interest of the estate (if Trustee's own firm): | Not applicable |

Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") appointed in the Chapter 7 case of David Gordan Wallace, Jr. (the "Debtor"), files this Application for Authority to Employ Diamond McCarthy LLP as General Counsel to the Trustee, pursuant to 11 U.S.C. §§ 327(a) and 330, effective as of April 9, 2015 (the "Application").

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105(a), 327, 330, 704 and Bankruptcy Rule 2014.

## BACKGROUND

1. On March 24, 2015 ("Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

2. After the Petition Date, the United States Trustee appointed Rodney D. Tow to serve as the duly qualified and acting Chapter 7 trustee of the Debtor's estate.

3. On April 7, 2014, the Debtor filed his Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFA").   The Schedules and SOFA reflect that the Debtor owns numerous interests in partnerships and other investments.

4. The Bankruptcy Code § 341 meeting of creditors is scheduled for May 5, 2015 at 10:30 a.m. (CT).

## RELIEF REQUESTED

5. A general counsel to the Trustee is needed to assist the trustee with his duties as set forth in § 704 of the Bankruptcy Code.  The Trustee requests employment of the law firm of Diamond McCarthy LLP ("Diamond McCarthy"), as his general counsel, effective April 9, 2015. The attorneys who will be primarily responsible for the representation of the Trustee and their hourly rates are as follows:

| | |
|---|---|
| Kyung S. Lee (Partner) | $650.00 per hour |
| Charles M. Rubio (Partner) | $365.00 per hour |

6. Diamond McCarthy may also include other attorneys and paralegals on the case. The firm intends to seek approval of the Trustee prior to involving those persons other than the core team of Messrs. Lee and Rubio.

## BASIS FOR RELIEF

7. Section 327(a) of the Bankruptcy Code authorizes a trustee to retain counsel to assist him with carrying out his duties as trustee:

3

> the trustee, with the court's approval, may employ, one or
> more attorneys . . . to represent or assist the trustee in
> carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

8.    Diamond McCarthy has been chosen as general counsel to the Trustee, because Diamond McCarthy and its attorneys have extensive experience, knowledge and expertise in complex bankruptcy cases involving partnership interests and other investments.

9.    The services that Diamond McCarthy anticipates performing in this case include:

a.    collecting and reducing to money the property of the estate, and closing the estate as expeditiously as is compatible with the best interests of the parties in interest;

b.    assisting the Trustee in accounting for all property received;

c.    ensuring that the debtor shall perform his intention as specified in Bankruptcy Code § 521(a)(2)(B);

d.    investigating the financial affairs of the debtor;

e.    if a purpose would be served, examining proofs of claims and objecting to the allowance of any claim that is improper;

f.    unless the court orders otherwise, furnishing such information concerning the estate and the estate's administration as is requested by a party in interest; and

g.    assisting the Trustee in drafting a final report and filing  a final accounting of the administration of the estate with the court and with the United States trustee.

10.    Diamond McCarthy is to be employed on an hourly fee basis, subject to Court approval, pursuant to the terms of the Engagement Agreement between the Trustee and Diamond McCarthy, which is attached hereto as Exhibit A.

11.    The hourly rates outlined above are subject to periodic review and adjustment (generally annually) to reflect changes in the economy, experience and other factors.   In assessing changes to hourly rates, Diamond McCarthy examines, among other things, data

available on comparable rates in this district for attorneys of similar experience and background, professional development and overall responsibility of the attorney.

12.     The rate of each professional will be clearly reflected in Diamond McCarthy's invoices and fee applications.  Diamond McCarthy will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoices and fee applications provided to the Trustee pursuant to 11 U.S.C. § 330.

13.     To the best of the Trustee's knowledge, and based upon the Verified Statement of Kyung S. Lee (the "Lee Statement"), attached hereto as Exhibit B, Diamond McCarthy does not represent or hold any interest adverse to the Trustee or the Debtor's estate with respect to the matters for which Diamond McCarthy is to be employed and Diamond McCarthy is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

14.     As set forth in the Lee Statement, Diamond McCarthy has performed a conflict inquiry predicated on a list comprised of the Trustee, the Debtor, and creditors of the Debtor identified by the Debtor in its Chapter 7 bankruptcy filings.  Diamond McCarthy did not discover any conflicts that would prohibit Diamond McCarthy from representing the Trustee as general counsel in this case.

15.     Except as set forth in the Lee Statement, to the best of the Trustee's knowledge, Diamond McCarthy does not have any connection with the Trustee, the Debtor, the creditors of the Debtor, their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee.

16.     Based upon the foregoing, the Trustee believes the retention of Diamond McCarthy, as general counsel, is necessary and in the best interest of the Debtor's estate, its creditors, and parties in interest.

**<u>CONCLUSION</u>**

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing the Trustee to employ Diamond McCarthy LLP as general counsel in this bankruptcy case, effective as of April 9, 2015, on the terms set forth in the Application and for such other and further relief as is just and proper.

Dated: April 17, 2015.

Respectfully submitted,

DIAMOND McCARTHY LLP

By: */s/ Charles M. Rubio*
Kyung S. Lee
TBA No. 12128400
klee@diamondmccarthy.com
(713) 333-5125
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
(713) 333-5127
909 Fannin, Suite 1500
Houston, Texas  77010
(713) 333-5100  Telephone
(713) 333-5195  Facsimile

PROPOSED COUNSEL TO RODNEY D. TOW, CHAPTER 7 TRUSTEE

<u>CERTIFICATE OF SERVICE</u>

I certify that on April 17, 2015, I caused a true and correct copy of the foregoing Application to be served on the U.S. Trustee at the address below pursuant to Local Bankruptcy Rule 9003-1.

*/s/ Charles M. Rubio*

Nancy Lynne Holley
U S Trustee
515 Rusk St
Ste 3516
Houston, TX 77002

**<u>Exhibit A</u>**

Engagement Agreement



TWO HOUSTON CENTER
909 FANNIN, STE.1500
HOUSTON, TEXAS 77010

KYUNG S. LEE | PARTNER
klee@diamondmccarthy.com
P. 713.333.5129
F. 713.333.5195

CONFIDENTIAL
ATTORNEY/CLIENT PRIVILEGED COMMUNICATION
ATTORNEY WORK PRODUCT

April 8, 2015

Rodney D. Tow, Trustee
Rodney Tow, PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77384

RE:   Engagement Agreement to Serve as General Counsel to Rodney D. Tow, as the Chapter 7 Trustee of David Gordon Wallace, Jr., Case No. 15-31594-H4-7, pending in the United States Bankruptcy Court, Southern District of Texas, Houston Division

Dear Rodney:

We appreciate being asked to serve as general counsel to you in your role as the Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of David Gordon Wallace, Jr. (the "Debtor"). The purpose of this letter is to set forth the terms of the engagement of Diamond McCarthy LLP ("Diamond McCarthy" or the "Firm") by the Trustee for legal representation and consultation in connection with the above-referenced Chapter 7 case. Diamond McCarthy has agreed to accept and undertake this representation subject to the terms of this letter of engagement (the "Agreement") and approval of retention by the United States Bankruptcy Court, Southern District of Texas, Houston Division (the "Bankruptcy Court").

Scope. The scope of Diamond McCarthy's legal services will consist of serving as general counsel to the Trustee, and assisting you in your fulfilling the duties required of you under Bankruptcy Code Section 704.

Cooperation. In order to enable us to effectively render the legal services contemplated, the Trustee agrees to fully and accurately disclose all facts and to keep Diamond McCarthy informed of all developments relating to this case. We necessarily must rely on the accuracy and completeness of the facts and information you and/or your agents provide to us. The Trustee agrees to cooperate fully with Diamond McCarthy and to be available to attend meetings, discovery proceedings and conferences, hearings and other proceedings. The Firm will attempt to schedule depositions, hearings, and conferences to serve the convenience of the Trustee, but it is the nature of a bankruptcy case that such schedules are often not within our control.

Legal Fees. In connection with the representation, it is agreed that Diamond McCarthy

| New York | Los Angeles | San Francisco | Dallas | Austin | Denver |
|---|---|---|---|---|---|
| 620 Eighth Avenue, 39th Floor | 1999 Avenue of the Stars | 150 California Street | 1201 Elm Street, 34th Floor | P.O. Box 500149 | 6855 S. Havana Street, Suite 220 |
| New York, NY 10018 | 11th Floor | Suite 2200 | Dallas, TX 75270 | Austin, TX 78750 | Centennial, CO 80112 |
| Phone: 212.430.5400 | Los Angeles, CA 90067 | San Francisco, CA 94111 | Phone: 214.389.5300 | Phone: 512.617.5200 | Phone: 303.952.0960 |
| Fax: 212.430.5499 | Phone: 310.621.2997 | Phone: 415.692.5200 | Fax: 214.389.5399 | Fax: 512.617.5299 | Fax: 303.952.0966 |
| | | Fax: 415.263.9200 | | | |

www.diamondmccarthy.com

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 2

will charge a reasonable legal fee in light of all factors to be considered as set forth in the Texas Disciplinary Rules of Professional Conduct and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (collectively, the "Guidelines").

The Firm will look solely to the Estate for its compensation and reimbursement of expenses in accordance with 11 U.S.C. § 330 and will file a fee application with the Bankruptcy Court in accordance with the Guidelines. It is further agreed that the reasonable fees to compensate the Firm for services rendered shall be not less than the amount equal to the time expended, multiplied by the normal hourly rate of each respective attorney involved, plus all actual out-of-pocket expenses incurred. The hourly rate of each attorney or paralegal will vary depending on the skill and experience of each professional involved in the representation. It is contemplated that the following attorneys will be primarily involved in the engagement at the following rates per hour:

| Kyung S. Lee | $650.00 per hour |
| Charles M. Rubio | $365.00 per hour |
| Alex Perez | $265.00 per hour |

Diamond McCarthy's hourly rates are subject to increase from time to time (usually on an annual basis) to account for skill and experience, inflationary trends and other usual factors. All fees and expenses charged by Diamond McCarthy will be subject to Bankruptcy Court approval.

In all cases handled by Diamond McCarthy we take care to ensure, whenever feasible, that partners do not perform services that could be performed by an associate, and that attorneys do not perform services that could be performed by a legal assistant. Diamond McCarthy endeavors to maintain continuity with respect to the professionals performing services for a client. We will seek approval from the Trustee if the case will require the significant involvement of professionals other than those set out herein and their hourly rates.

Costs and Expenses. In the course of the representation, it will be necessary for Diamond McCarthy to incur certain costs or expenses. Diamond McCarthy will seek reimbursement of actual and necessary out-of-pocket costs and expenses in accordance with the following guidelines:

1. *Computer-Related Expense* – Online computerized research and research services will be reimbursed at cost.

2. *Court Costs* – The Trustee will reimburse Diamond McCarthy for actual expenses incurred, but will not be responsible for sanctions or penalties imposed by a court due to the conduct of the Firm.

3. *Photocopying* – Photocopy charges will be reimbursed at a maximum of $.20 per page for normal photocopying. Expedited photocopying or oversized document

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 3

> photocopying may be reimbursed at a higher rate and where possible, the Firm
> will seek prior approval.

4.    *Telephone* – Long distance telephone service will be reimbursed at cost.

5.    *Postage/Courier* – The Firm's expense for postage and necessary courier services
will be reimbursed at cost.

6.    *Miscellaneous Expenses* – The cost of office equipment, books, periodicals or
other office expenditures will not be reimbursed, unless prior approval is
obtained.

7.    *Travel Expenses* – The Firm will be reimbursed for expenses in connection with
out-of-town travel, but only for coach class travel and, where necessary, for the
reasonable cost of a rental car.  All related travel expenses, i.e., lodging and
meals, must be reasonable under the circumstances.  The Firm will advance all
such travel expenses and submit bills to you for reimbursement.

Invoices.  The Firm will furnish to the Trustee on a monthly basis, if not more often,
detailed invoices of the services rendered and the amount of fees and out-of-pocket expenses
(filing fees, copying costs, travel expenses, court reporters charges, long distance telephone
charges, etc.).  These invoices will be provided to the Trustee for informational purposes only.
The Firm will file the appropriate pleadings, notices and formal applications with the Bankruptcy
Court requesting allowance of fees earned and expenses incurred in its representation of the
Trustee.

If it is determined, because of preliminary rulings of the Bankruptcy Court or otherwise,
that there will not be sufficient liquid assets to pay the fees and expenses of Diamond McCarthy
on a relatively prompt basis, as those fees and expenses are approved by the Bankruptcy Court,
the Firm reserves the right to withdraw from the representation and the Trustee agrees to that
withdrawal in such event.

Retainer.  It is the Firm's policy to obtain a retainer; however, due to the nature of the
representation, no retainer will be requested in this case.

Termination.  Our relationship is based on mutual consent, and either the Trustee or the
Firm may terminate the representation upon ten days written notice for any reason, with or
without cause, subject to Bankruptcy Court approval.  All legal fees and expenses incurred prior
to such termination date will become immediately due and payable and it shall be the
responsibility of the Firm to seek payment of these fees from the Estate.

Work Product.  The Trustee will own all of Diamond McCarthy's work product.  Subject
to the Firm's obligations in the event of its withdrawal from representation, and further subject to
events beyond our control, Diamond McCarthy shall attempt to retain all major and significant
components of the files of the Firm relative to its legal representation of the Trustee for a
reasonable period following the conclusion of such legal representation.  During such time, the

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 4

Trustee will have reasonable access to, and the right to copy, such files. Thereafter, custody of such files shall be transferred to the Trustee, provided that, if the Trustee does not agree to accept custody of the files, Diamond McCarthy shall thereafter have the right to destroy same.

   Withdrawal and Conflict Disclosures.   Diamond McCarthy is subject to the rules of professional conduct for the jurisdictions in which we practice, which lists several types of conduct or circumstances that require or allow us to withdraw from representing a client, including for example, non-payment of fees or costs, misrepresentation, failure to disclose material facts, fundamental disagreements and conflicts of interest with another client. We will try to identify in advance and discuss with the Trustee any situation that may lead to our withdrawal, and if withdrawal ever becomes necessary, we will give the Trustee written notice of our withdrawal. If we elect to withdraw for any reason, the Trustee will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and other charges accrued on the Trustee's behalf to the date of withdrawal.

   During the course of the representation, the Firm will not accept, without the Trustee's prior written approval, any engagement that the Firm knows is in direct conflict with the Trustee's interests in the representation, except as otherwise agreed herein. If the Firm discovers and determines that a conflict of interest exists, the Firm will notify the Trustee immediately of such conflict, and may withdraw from the representation to the extent that such a withdrawal would be permitted or required by applicable provisions of the Code of Professional Responsibility. The Firm agrees not to accept, without the Trustee's prior approval, any engagement known by the Firm to be in direct conflict with the Trustee's interests in the matters covered by the representation. If, in the course of representing multiple clients, the Firm discovers and determines in its sole discretion that a conflict of interest exists, the Firm will notify the Trustee of such conflict, and may withdraw from the representation to the extent that such a withdrawal would be permitted or required by applicable provisions of the Code of Professional Responsibility or the Bankruptcy Court.

   Diamond McCarthy LLP has performed a conflict inquiry predicated on a list comprised of the Trustee, the Debtor, a list of creditors provided by the Debtor in its voluntary chapter 7 petition and a list of entities provided by Johnie Patterson of companies in which the Debtor has an interest or is affiliated with that have filed Chapter 7. Diamond McCarthy did not discover any conflicts that would prohibit Diamond McCarthy from representing the Trustee as general counsel in this case.

   Governing Law.   The laws of the State of Texas shall govern the validity, construction and enforcement and interpretation of this Agreement. This Agreement contains the entire agreement between the Trustee and the Firm regarding matters described herein, and the fees, charges and expenses to be paid relative thereto, and supersedes all prior oral or written agreements in respect thereof. This Agreement may only be amended in writing by the Trustee and the Firm or their respective legal representatives, successors and assigns. This Agreement may be executed in multiple original counterparts, each of which shall be deemed an original, and together shall constitute the same Agreement.

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 5

       Bankruptcy Court Approval.   The Trustee's engagement of Diamond McCarthy as general counsel is subject to the approval of the Bankruptcy Court.

       If the terms of the Firm's engagement as outlined above are understood and satisfactory to you, please evidence the same by signing in the space provided below and returning an executed copy of this Agreement to the undersigned.  Our representation of you by the Firm will be deemed to have commenced on April 5, 2015.

DIAMOND MCCARTHY LLP

By: _____
               Kyung S. Lee, Partner

ACCEPTED AND AGREED

This ____ day of April, 2015.

_____
Rodney D. Tow,
Chapter 7 Trustee of David Gordon Wallace, Jr.

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 6

## *ADDITIONAL TERMS OF ENGAGEMENT*

These are the *Additional Terms of Engagement* referred to in our engagement letter. Because they are an integral part of our agreement to provide legal services, we ask that you review this document carefully and retain it for your files. If you have any questions after reading it, please contact us promptly.

**Who Will Provide the Legal Services?**

In most cases, one attorney will be your principal contact. From time to time, that attorney may delegate parts of your work to other lawyers or to legal assistants or non-legal professionals in the firm. We do this in order to involve those with special knowledge or experience in an area and/or to provide service to you in a timely and efficient manner.

**The Scope of the Representation**

As lawyers, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the firm has agreed to provide. In our engagement letter with you, we specify the matter in which we will provide representation and the scope of the services we will provide. If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the matter, please raise those questions promptly with your principal contact at the firm.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

**Who Is Our Client?**

It is our policy to represent only the person or entity identified in our engagement letter and not any affiliates. For example, unless otherwise specifically stated in our engagement letter, if you are a corporation or partnership, our representation does not include any parents, subsidiaries, employees, officers, directors, shareholders, or partners of the corporation or partnership, or commonly owned corporations or partnerships; if you are a trade association, our representation excludes members of the trade association; if you are an individual, our representation does not include your employer, partners, spouse, siblings, or other family members.

**Your Cooperation**

To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences, and other

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 7

proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

## Our Relationships With Others

Our law firm represents various companies and individuals. In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests. Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another. In other situations, we may be permitted to represent a client only if the other client consents to that representation.

If a controversy unrelated to the subject matter of the representation develops between you and any other client of the firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated controversy. In making this determination, we will consider your agreement to the Conflicts of Interest provisions in these *Additional Terms of Engagement.*

We have professional and personal relationships with many other attorneys and law firms, often because of our participation in bar associations and other professional organizations. We believe that these relationships with other attorneys do not adversely affect our ability to represent any client and, in some circumstances, may enhance our representation. Your acceptance of our engagement letter means you consent to any such relationships between our firm and other lawyers or law firms, even counsel who is representing a party that is adverse to you in the matter that is the subject of this engagement or in some other matter.

## Conflicts of Interest

We attempt to identify actual and potential conflicts at the outset of any engagement, and may request that you sign a conflict waiver before we accept an engagement from you. Occasionally, other clients or prospective clients may ask us to seek a conflict waiver from you so that we can accept an engagement on their behalf. Please do not take such a request to mean that we will represent you less zealously; rather, that we take our professional responsibilities to all clients and prospective clients very seriously.

Unfortunately, conflicts sometimes arise or become apparent after work begins on an engagement. When that happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected clients.

We may be asked to represent someone whose interests may be adverse to yours. We are accepting this engagement on the understanding that our representation of you will not preclude us from accepting any other engagement from any existing or new client provided that (i) such engagement is not substantially related to the subject matter of any services we are providing to you and (ii) in accepting such other engagement we would not impair the confidentiality of proprietary, sensitive or otherwise confidential communications you have made to us.

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 8

Rules concerning conflicts of interest vary with the jurisdiction. In order to avoid any uncertainty, our policy is that the Texas Disciplinary Rules of Professional Conduct will be applicable to the representation. Your acceptance of our engagement letter means you agree with that policy, unless the engagement letter specifically states that some other rules of professional responsibility will govern our attorney-client relationship.

**How We Set Our Fees**

The basis for determining our fee for legal services is set forth in the engagement letter itself. If you are unclear about the basis for determining your fee, please contact the attorney responsible for your representation.

Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

**Charges For Other Expenses And Services**

As an adjunct to providing legal services, we may incur and pay a variety of charges on your behalf or charge for certain ancillary support services. Whenever we incur such charges on your behalf or charge for such ancillary support services, we will bill them to you as part of your monthly invoice. Accordingly, our invoices usually will include amounts, not only for legal services rendered, but also for other expenses and services. Examples include charges for photocopying, postage, facsimiles, long-distance telephone calls, travel and conference expenses, delivery charges, computerized research, and facsimile and other electronic transmissions. Outside expenses will generally be billed at cost, while some in-house expenses (*e.g.*, copying, telecopying, computer services and in-house research) will include a reasonable allocation of overhead. In appropriate cases, reimbursable expenses will also include overtime charges for secretaries and other staff.

You authorize us to retain third-parties, such as consultants, experts and investigators, as may be necessary to the representation. Although we advance third-party disbursements in reasonable amounts, we will ask you to pay directly larger third-party invoices (usually those over $500). Because we often have ongoing professional relationships with the persons who render such services, we ask that you pay such bills promptly and send us notice of your payment.

We generally make and retain copies of all documents generated or received by us in the course of your representation. Should you request documents from us at the conclusion of our representation of you (other than your original documents), you agree that we may generate copies for our files at your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to you.

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 9

## Billing Arrangements and Terms of Payment

We will bill you on a regular basis, normally each month, for both fees and other charges, if not more often.   Such invoices are payable upon approval of the fees and expenses by the Bankruptcy Court.

Should your account become delinquent and satisfactory payment terms are not arranged, as permitted under the rules regulating our profession we will be required to withdraw from the representation.

If the representation will require a concentrated period of activity, such as a trial, arbitration, or hearing, we reserve the right to require the payment of all amounts then owing to us and the payment to us of a deposit for the fees and expenses we estimate will be incurred in preparing for and completing the trial, arbitration, or hearing, as well as arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and withdraw from the representation.

We look to you, the client, for payment regardless of whether you are insured to cover the particular risk.   From time-to-time, we assist clients in pursuing third-parties for recovery of attorneys' fees and other charges resulting from our services.   These situations include payments under contracts, statutes or insurance policies.   However, it remains your obligation to pay all amounts due to us.

## Termination

Because our firm has been engaged to provide legal services in connection with the representation in the matter, as specifically defined in our engagement letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the matter. After completion of the representation, however, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities in regard to the matter. Unless we are actually engaged after the completion of the representation to provide additional advice on such issues, the firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the matter.

If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time.  Any future engagements would not be performed on the basis of a flat fee unless both parties agree otherwise in writing. Normally, we charge by the hour for our services.

We look forward to the opportunity to complete our representation of you in the specified matter. You may, however, terminate our representation at any time, with our without cause, by notifying us in writing.   We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are appropriately subject to a lien.   You agree that we will own and retain our own files pertaining to the matter or case, including, for

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 10

example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyer's work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of lawyers.

Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter.

**Document Retention**

At the conclusion of Diamond McCarthy's representation of you in this matter, it is our Firm's policy to return to you any original documents you sent to us. We also will provide you with copies of any other documents you specifically request (such as copies of depositions, court documents, etc.), and you agree to pay for the associated copying costs and any professional time incurred in identifying any such documents you request. You agree that Diamond McCarthy may elect to keep, at its own expense, copies of any documents related to this matter or otherwise returned to you.

At the conclusion of our representation of you in this matter, pursuant to our Firm's policy, we will send parts of our files that we deem appropriate to a storage facility at our expense. Such files will be maintained for seven (7) years, after which time they will be destroyed. If you would prefer that we send such files to you rather than store or destroy them, please notify us in writing within 90 days after the conclusion of our representation of you in this matter. Documents we choose not to store, and documents you have not requested as provided above, will be destroyed.

Digital files maintained electronically are subject to these same retention policies.

**Disclaimer**

By signing the engagement letter or otherwise indicating your acceptance of the engagement letter, you acknowledge that Diamond McCarthy LLP has made no promises or guarantees to you about the outcome of the representation, and nothing in these terms of engagement shall be construed as such a promise or guarantee of any specific result. Either at the commencement or during the course of the representation, we may express opinions or beliefs about the matter or various courses of action and the results that might be anticipated. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

**Our Professional Responsibility**

The code of professional responsibility to which we are subject lists several types of conduct or circumstances that require or allow us to withdraw from representing a client. These include, for

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 11

example, nonpayment of fees or charges, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client.

We try to identify in advance and discuss with our client any situation that may lead to our withdrawal. If withdrawal ever becomes necessary, we give our client written notice as soon as practicable.

Under rules of the Texas Supreme Court and the State Bar of Texas, we advise our client of the contents of the Texas Lawyer's Creed, a copy of which is enclosed. In addition, we advise clients that the State Bar of Texas investigates and prosecutes complaints of professional misconduct against attorneys licensed in Texas. A brochure entitled *Attorney Complaint Information* is available at all of our offices and is likewise available upon request. A client that has any questions about State Bar's disciplinary process should call the Office of the General Counsel of the State Bar of Texas at 1-800-932-1900 toll free.

**Modification Of Our Agreement**

The engagement letter and these *Additional Terms of Engagement* reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by both Diamond McCarthy LLP and you.

**In Conclusion**

We look forward to a long and mutually satisfying relationship with you. Again, if at any time you have a question or concern, please feel free to bring it to the attention of your principal contact at our firm.



# DIAMOND McCARTHY LLP

TWO HOUSTON CENTER
909 FANNIN, STE.1500
HOUSTON, TEXAS 77010

KYUNG S. LEE | PARTNER
klee@diamondmccarthy.com
713.333.5109
713.333.5195

### THE TEXAS LAWYER'S CREED — A Mandate for Professionalism

*The Texas Supreme Court and the Texas Court of Criminal Appeals adopted this Creed, with the requirement that lawyers advise their clients of its contents when undertaking representation.*

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason that it is right.

**I.   OUR LEGAL SYSTEM.** A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism. I am passionately proud of my profession. Therefore, "My word is my bond." I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life. I commit myself to an adequate and effective pro bono program. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed. I will always be conscious of my duty to the judicial system.

**II.   LAWYER TO CLIENT.** A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and

objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest. I will advise my client of the contents of this Creed when undertaking representation. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice. I will advise my client that civility and courtesy are expected and are not a sign of weakness. I will advise my client of proper and expected behavior. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party. I will advise my client that we will not pursue tactics which are intended primarily for delay. I will advise my client that we will not pursue any course of action which is without merit. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

**III.   LAWYER TO LAWYER.** A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements

| New York | Los Angeles | San Francisco | Dallas | Austin | Denver |
| --- | --- | --- | --- | --- | --- |
| 620 Eighth Avenue, 39th Floor<br>New York, NY 10018<br>Phone: 212.430.5400<br>Fax: 212.430.5499 | 1999 Avenue of the Stars<br>11th Floor<br>Los Angeles, CA 90067<br>Phone: 310.621.2997 | 150 California Street<br>Suite 2200<br>San Francisco, CA 94111<br>Phone: 415.692.5200<br>Fax: 415.263.9200 | 1201 Elm Street, 34th Floor<br>Dallas, TX 75270<br>Phone: 214.389.5300<br>Fax: 214.389.5399 | P.O. Box 500149<br>Austin, TX 78750<br>Phone: 512.617.5200<br>Fax: 512.617.5299 | 6855 S. Havana Street, Suite 220<br>Centennial, CO 80112<br>Phone: 303.952.0960<br>Fax: 303.952.0966 |

www.diamondmccarthy.com

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 13

and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct. I will be courteous, civil, and prompt in oral and written communications. I will not quarrel over matters of form or style, but I will concentrate on matters of substance. I will identify for other counsel or parties all changes I have made in documents submitted for review. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are canceled. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of

impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party. I will refrain from excessive and abusive discovery. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives

Rodney D. Tow
Chapter 7 Trustee of
David Gordon Wallace, Jr.
April 8, 2015
Page 14

or is fully justified by the circumstances.

**IV.    LAWYER AND JUDGE.**  Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack.  Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.  I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice.  I will refrain from conduct that degrades this symbol.  I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law.  I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.  I will be punctual.  I will not engage in any conduct which offends the dignity and decorum of proceedings.    I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.  I will respect the rulings of the Court.  I will give the issues in controversy deliberate, impartial and studied analysis and consideration.  I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

**<u>Exhibit B</u>**

Lee Statement

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | **Case No. 15-31594** |
| | § | **(Chapter 7)** |
| **DEBTOR.** | § | |
| | § | |

**VERIFIED STATEMENT OF KYUNG S. LEE PURSUANT TO BANKRUPTCY RULE 2014(a), IN SUPPORT OF THE APPLICATION OF RODNEY D. TOW, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY DIAMOND McCARTHY LLP AS <u>GENERAL COUNSEL</u>**

Kyung S. Lee, pursuant to Federal Rule of Bankruptcy Procedure 2014(a), makes this verified statement ("Verified Statement") in support of the *Application for Authority to Employ Diamond McCarthy LLP as General Counsel to the Trustee* (the "Application"), filed by Rodney D. Tow, Chapter 7 Trustee (the "Trustee"), for the Chapter 7 estate of David Gordon Wallace, Jr. (the "Debtor"):

1.      I am an attorney at law duly admitted and in good standing to practice in the State of Texas and before the United States District Courts for the Southern, Western and Northern Districts of Texas.  I am also duly admitted and in good standing to practice in the State of New York and before the United States District Courts for the Southern and Eastern Districts of New York.

2.      I am a partner with the firm of Diamond McCarthy LLP ("Diamond McCarthy" or the "Firm"), located at 909 Fannin, Suite 1500, Houston, Texas 77010.  I make this Verified Statement in support of the Application authorizing the retention of the Firm as general counsel to the Trustee in this case.

3.      Other than as set forth in paragraphs 5 and 6 below, neither I, nor the Firm, nor any of its partners or associates, to the best of my knowledge, have any connection with the

Trustee, the Debtor, creditors of the Debtor, or their respective attorneys, the United States trustee, or any person employed in the office of the United States trustee. Diamond McCarthy will update disclosure of any future connections with any of these parties after the date of this Verified Statement with the Court.

4.     Diamond McCarthy has performed a conflict inquiry predicated on a list comprised of the Trustee, Debtor, and known creditors of the Debtor set out in the Debtor's credit matrix. Diamond McCarthy discovered the connections set forth in Schedule A attached hereto. Diamond McCarthy did not discover any conflicts that would prohibit Diamond McCarthy from representing the Trustee as general counsel in this case.

5.     Diamond McCarthy has the following past and present connections to the Trustee. Unless otherwise noted, the cases assigned to Diamond McCarthy by the Trustee have concluded. Diamond McCarthy has represented the Trustee in the following matters unrelated to this case:

> a.     Diamond McCarthy is the proposed general counsel to Rodney Tow as the Chapter 7 trustee for the estate of Ahn Huynh Regent in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 15-31530. This is an on-going representation of the Trustee.
>
> b.     Diamond McCarthy serves as general counsel to Rodney Tow as the Chapter 7 trustee for the estate of ATP Oil & Gas Corporation in In re ATP Oil & Gas Corporation in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 12-36187. This is an on-going representation of the Trustee.
>
> c.     Diamond McCarthy serves as general counsel to Rodney Tow as the Chapter 7 trustee for the estates of Garrison Municipal Partners, LP in In re Garrison Municipal Partners, LP in the United States Bankruptcy Court, Southern District of Texas, Houston Division, jointly administered under Case No. 14-32867. This is an on-going representation of the Trustee.
>
> d.     Diamond McCarthy served as the general counsel to Rodney Tow as the Interim Chapter 7 Trustee for the estate of Groves Hospital and Kiglapait Hospital Corp, in the United States Bankruptcy Court, Southern District of Texas, Houston, Division, administered under Case No. 15-30447. Except for seeking allowance of our fees, the representation of the Trustee has

concluded on this matter.

e.  Diamond McCarthy served as special counsel and proposed general counsel to Rodney Tow as the Chapter 7 trustee for the estates of Cyrus II L.P., Bahar Development, Inc. and Mondona Rafizadeh in In re Cyrus II L.P., et al. in the United States Bankruptcy Court, Southern District of Texas, Houston Division, jointly administered under Case No. 05-39857-H1-7.

f.  Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate of South Texas Wholesale Records and Tapes, Inc. in prosecuting adversary proceeding number 05-3171 against the CIT Group/Business Credit, Inc. asserting claims for breach of contract and usury in the United States Bankruptcy Court, Southern District of Texas, Houston Division, under Case No. 03-48096-H5-7.

g.  Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate in the In re John Tullis Jones, III case, Case No. 04-33533-H2-7 in this Court, to prosecute adversary proceeding number 06-3255 seeking to recover property of the estate and fraudulent transfers against various family trusts related to the debtor.

h.  Diamond McCarthy served as special litigation counsel to Rodney Tow as the Chapter 7 trustee for the estate in In re Shanks Tritter & Associates, P.C., Case No. 00-31161-H4-7 in this Court, to recover property of the estate.

i.  Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 trustee in the In re Links at West Fork case, Case No. 06-33688-H1-11 in this Court.

j.  Diamond McCarthy served as general counsel to Rodney Tow, as the Chapter 7 trustee in the Erwina and Bernardino Consunji case, Case No. 05-93516-H3-7 in this Court to advise and assist the Trustee in administering the assets of the Estate, including but not limited to, prosecution of the Estate's litigation claims against Scott K. Pagano, D.C. and Campbell Chiropractic Clinic, P.C., d/b/a Campbell Chiropractic Wellness Center, Cause No. 2006-23838, pending in the 333rd Judicial District Court of Harris County, Texas.

k.  Diamond McCarthy served as general counsel to Rodney Tow, as the Chapter 7 trustee for the estate in In re 3120 Precinct Line Road, LLC case, Case No. 05-95001-H4-7 in this Court, to assist the Trustee in overseeing the administration of the Estate's assets, including but not limited to, the prosecution of the Estate's litigation claims against various third parties.

l.  Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the In re Shama Sheikh case, Case No. 06-34079 in this Court, to assist the Trustee in overseeing the administration

of the Estate's assets, including but not limited to, the prosecution of the Estate's litigation claims against various third parties and recovery of estate property.

m.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the In re G.C. Medical Holdings, Inc. case, Case No. 06-35890 in this Court, to advise and assist the Trustee in investigating and prosecuting potential litigation claims against third parties and to recover property of the estate.

n.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate in the Royce Homes, LP case, Case No. 09-32467-H4-7, in this Court, to advise and assist the Trustee in investigating and prosecuting potential litigation claims against third parties and to recover property of the estate. This assignment has not concluded.

o.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of David Henley and Belinda Henly, Case No. 11-33438, in this Court to advise and assist the Trustee in investigating and prosecuting claims against the transferees of fraudulent transfers from the Debtors.

p.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of Charles R. Saden, Case No. 11-35051, in this Court to advise and assist the Trustee in disputes over the ownership and title to the major remaining assets of the estate, pending appeal of a suit between the debtor and the major creditor.

q.    Diamond McCarthy served as special litigation counsel to Rodney Tow, as the Chapter 7 Trustee for the estate of Hallmark Design Homes, LP, Case No. 09-38714, in this Court, to resolve control over property of the estate, including real estate and equity interests in operating businesses.

r.    Diamond McCarthy served as special counsel to Rodney Tow, as the Chapter 7 Trustee for the estates of Northernstar Natural Gas, Inc. and Clearwater Port Holdings, LLC, Case No. 10-33856 and Case No. 10-33865, jointly administered under Case No. 10-33856 in this Court to advise and assist the Trustee in all matters affecting the Estates in connection with an appeal to the FERC order pending before the 9th Circuit Court of Appeals and all matters affecting the Estates in connection with the appeal to the LUBA order pending before the State of Oregon Court of Appeals. Except for awaiting filing of the Final Fee Application, the firm has concluded its representation of the Trustee on this matter.

6.    Diamond McCarthy practices law in the insolvency related arena. Our practice includes insolvency related litigation. Consequently, Diamond McCarthy may have

4

"connections" with many of the attorneys and other professionals involved in the Debtor's case. Diamond McCarthy may have referred matters to other professionals involved in the Debtor's case and it may have been referred to matters by such parties.   Diamond McCarthy may represent or have, from time to time, represented or been adverse to one or more of the professionals involved in the Debtor's case.

7.    Except as fully disclosed herein, neither I, nor the Firm, nor any of its partners or associates, insofar as I have been able to ascertain, represent any interest adverse to the Trustee in the matters upon which Diamond McCarthy is to be engaged.  To the best of my knowledge, Diamond McCarthy is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

8.    The Firm has advised the Trustee of its willingness to serve as general counsel to the Trustee and to accept compensation for professional services rendered and expenses incurred. Diamond McCarthy intends to bill for its legal services in this case in accordance with its usual practice, applying its customary hourly rates for matters of this type and charging for all disbursements and expenses customarily billed to its clients and necessarily incurred.

9.    Diamond McCarthy does not have any agreement or understanding between it and any other entity for the sharing of compensation received or to be received for services rendered in connection with its representation of the Trustee in this case.

10.    Accordingly, I believe that Diamond McCarthy is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Federal Rules of Bankruptcy Procedure.

11.     I declare that the foregoing statements are true, are based upon my personal knowledge, and are made under penalty of perjury under the laws of the United States.

Dated:  April 17, 2015.

*/s/ Kyung S. Lee*
Kyung S. Lee

Schedule A

| Party Name | Connection to Debtor | Connection to Diamond McCarthy |
|---|---|---|
| Amegy Bank | Creditor | Current client on unrelated matters. |
| BBVA Compass Bank | Creditor | Former client on unrelated matters. |
| Boyar & Miller, PC | Creditor | Aligned party with a former client. |

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | **Case No. 15-31594** |
| | § | **(Chapter 7)** |
| **DEBTOR** | § | |
| | § | |

**ORDER AUTHORIZING EMPLOYMENT OF DIAMOND MCCARTHY LLP
AS GENERAL COUNSEL TO THE TRUSTEE**

The Court, having considered the Application of Rodney D. Tow, Chapter 7 Trustee, for Authority to Employ Diamond McCarthy LLP, as General Counsel to the Trustee, effective as of March 24, 2015 ("Application"), finds that notice of the Application was appropriate and in accordance with the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and based on the law and facts set forth in the Application, the evidence presented, and the record in this case, the Court finds that the relief requested in the Application is in the best interest of the Trustee, the creditors and the Debtor's estate, and therefore should be GRANTED, accordingly, it is hereby:

ORDERED that the Trustee is authorized to employ Diamond McCarthy LLP as general counsel for the estate, according to the terms set forth in the Application and the Engagement Agreement (a copy of which is attached as Exhibit A to the Application and fully incorporated herein as if fully set forth), effective as of April 9, 2015; and it is further

ORDRERED that the hourly rates of Diamond McCarthy LLP's professionals will not be increased without an express order from the Court; and it is further

ORDERED that any and all compensation to Diamond McCarthy shall be subject to approval by this Court under 11 U.S.C. § 330.

SIGNED this ____ day of _____, 2015.

_____
Jeff Bohm
United States Bankruptcy Judge