THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DAVID GORDON WALLACE, JR. | § | Case No. 15-31594 |
| | § | (Chapter 7) |
| DEBTOR | § | |
| | § | |

**TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER GRANTING
THE TRUSTEE A FURTHER EXTENSION OF TIME TO REJECT,
ASSUME, OR ASSUME AND ASSIGN EXECUTORY CONTRACTS
PURSUANT TO 11 U.S.C. §365(d)(1)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JEFF BOHM:

Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") appointed in the Chapter 7 case of David Gordan Wallace, Jr. (the "Debtor"), files this motion pursuant to section 365(d)(1) of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and Rules 6006 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an Order granting the Trustee a further extension of time to reject, assume, or

assume and assign executory contracts (the "Motion"). In support, the Trustee respectfully represents that:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code § 365(d) and Bankruptcy Rules 6006 and 9006(c)(2).

## BACKGROUND

2. On March 24, 2015 ("Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

3. After the Petition Date, the United States Trustee appointed Rodney D. Tow to serve as the duly qualified and acting Chapter 7 trustee of the Debtor's estate.

4. On April 7, 2014, the Debtor filed his Schedules of Assets and Liabilities (as amended, the "Schedules") and Statement of Financial Affairs (the "SOFA") [together, Docket No. 20]. The Schedules and SOFA reflect that the Debtor owns numerous interests in limited liability companies and partnerships. On April 10, 2015, the Debtor filed an Amended Schedule B [Docket No. 22].

5. The Bankruptcy Code § 341 meeting of creditors is scheduled for May 5, 2015 at 10:30 a.m. (CT).

## RELIEF REQUESTED

6. Under section 365(d)(1) of the Bankruptcy Code, the Trustee must assume or reject unexpired leases of personal property or executory contracts within 60 days after the order for relief, unless the Court for cause, grants additional time prior to the expiration of such 60-day

period.  The current deadline to assume or reject executory contracts under section 365(d)(1) of the Bankruptcy Code is May 23, 2015.

7. Pursuant to this Motion, the Trustee seeks the entry of an order pursuant to section 365(d)(1) of the Bankruptcy Code extending the time in which the Trustee may reject, assume or assume and assign any executory contract including any limited liability company ("LLC") agreement or partnership agreement related to the LLCs and partnerships set forth on **Exhibit A**.  The LLCs and partnerships set forth on Exhibit A are listed on the Debtor's Schedules.[1]

## BASIS FOR RELIEF

8. According to its schedules, the Debtor has interests in twenty (20) LLCs and partnerships.  The Debtor may be a party to LLC company agreements and partnership agreements related to these LLC and partnership interests.  The Debtor may be a party to additional contracts and agreements that were not listed on the Debtor's schedules.

9. The Trustee is in the process evaluating the executory contracts relating to potentially valuable assets and is in the process of determining a method to liquidate these interests.  In connection with the foregoing, the Trustee has interviewed the Debtor and his counsel and has made informal discovery requests to collect background information on the Debtor's estate.

10. Rejection of the executory contracts at this juncture may cause harm to the Debtor's estate and its creditors, since the executory contracts may be of value to the Debtor's estate.  Conversely, assumption of executory contracts prior to a determination as to their value, if any, to the estate would create an unnecessary administrative expense.

---

[1] The Trustee is in the process of conducting diligence on the LLC and partnership interests and reserves the right to seek to characterize any contract or agreement associated with the LLC and partnership interests as non-executory contracts.

11. Accordingly, the Trustee contends that cause exists to extend the deadline to assume or reject executory contracts of the Debtor's estate. The Trustee respectfully requests that this Court enter an Order extending the time to assume or reject any of the Debtor's executory contracts for an additional 120 days through September 20, 2015.

12. Nothing in this Motion is intended to prejudice or impair the Trustee's ability to assume or reject any executory contracts as needed or the Trustee's right to seek additional extensions of time if circumstances so warrant.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto, extending the time to reject, assume or assume and assign any of the Debtor's executory contracts, including but not limited to the LLC company agreements and partnership agreements related to the LLC and partnership interests listed on Exhibit A, for an additional 120 days to September 20, 2015, and granting such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 29, 2015.

                    Respectfully submitted,

                    DIAMOND McCARTHY LLP

                    By: */s/ Charles M. Rubio*
                    Kyung S. Lee
                    TBA No. 12128400
                    klee@diamondmccarthy.com
                    (713) 333-5125
                    Charles M. Rubio
                    TBA No. 24083768
                    crubio@diamondmccarthy.com
                    (713) 333-5127
                    909 Fannin, Suite 1500
                    Houston, Texas  77010
                    (713) 333-5100  Telephone
                    (713) 333-5195  Facsimile

                    PROPOSED COUNSEL TO RODNEY D. TOW, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

     I hereby certify that I have caused to a true and correct copy of the foregoing Motion to be served on all of the parties listed below and on the attached Service List, by first class mail, postage prepaid, within 24 hours of this filing.

                                                 /s/ Charles M. Rubio

David Gordon Wallace, Jr.
c/o Janet S Casciato-Northrup
Law Offices of Janet S. Northrup, P.C.
333 Clay St., Suite 2835
Houston, TX 77002

5

**Exhibit A**

| Limited Liability Companies and Partnerships |
| --- |
| Wallace Bajjali Realty Group, LLC |
| WB Murphy Road Development, LLC |
| Sugar Land Sports Management, LLC |
| Group Care Hospice |
| Oprex Surgery Baytown |
| Lumiere Billing and Management Beaumont |
| Physician Select Vitamin |
| Clarus Billing and Management (Beaumont) |
| Virginia Acquisitions, LLC |
| Blogging the Past, LLC |
| Rink Operations Management, LLC |
| Waco Town Square Management, LLC |
| WBIF II GP, LLC |
| Oprex Surgery Beaumont, LP |
| True View Sleep Center, LP |
| True View Surgery Center One, LP |
| Group Care Medical Services, LP |
| Zerenity Beaumont, LP |
| Creekmont Plaza Partners GP, LLC |
| Creekmont Plaza Partners, LP |

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | Case No. 15-31594 |
| | § | (Chapter 7) |
| DEBTOR | § | |
| | § | |

### ORDER FURTHER EXTENDING TRUSTEE'S TIME TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY CONTRACTS

UPON the motion of Rodney D. Tow, chapter 7 trustee (the "Trustee") for the above-captioned debtor (the "Debtor") for the entry of an Order pursuant to 11 U.S.C. §365(d)(1), and Rules 6006 and 9006 of the Federal Rules of Bankruptcy Procedure, granting the Trustee an extension of time to reject, assume, or assume and assign executory contracts; and good and sufficient notice having been provided; and the Court having found sufficient cause for the relief granted herein, it is hereby

ORDERED that, pursuant to 11 U.S.C. §365(d)(1), the date by which the Trustee must reject, assume, or assume and assign the executory contracts of the Debtor, including but not limited to the LLC company agreements and partnership agreements related to the LLCs and partnerships set forth on Exhibit A attached hereto, be and herby is further extended through and including September 20, 2015; and it is further

ORDERED that the extension granted herein is without prejudice to the Trustee's right to seek further extensions, if necessary; and it is further

ORDERED that the Trustee reserves all respective rights and remedies with respect to any contract or agreement to which the Debtor is a party including without limitation (i) whether

2

any contract or agreement is or is not an executory contract or how any such contract or agreement should be construed or interpreted, (ii) whether any contract or agreement may be assumed or assumed and assigned by the Trustee under 11 U.S.C. §365, and (iii) what adequate assurance and cure would be required in the event of any assumption or assumption and assignment.

SIGNED this ___ day of _____, 2015.

                                                Jeff Bohm
                                                United States Bankruptcy Judge

# **Exhibit A**

| **Limited Liability Companies and Partnerships** |
| --- |
| Wallace Bajjali Realty Group, LLC |
| WB Murphy Road Development, LLC |
| Sugar Land Sports Management, LLC |
| Group Care Hospice |
| Oprex Surgery Baytown |
| Lumiere Billing and Management Beaumont |
| Physician Select Vitamin |
| Clarus Billing and Management (Beaumont) |
| Virginia Acquisitions, LLC |
| Blogging the Past, LLC |
| Rink Operations Management, LLC |
| Waco Town Square Management, LLC |
| WBIF II GP, LLC |
| Oprex Surgery Beaumont, LP |
| True View Sleep Center, LP |
| True View Surgery Center One, LP |
| Group Care Medical Services, LP |
| Zerenity Beaumont, LP |
| Creekmont Plaza Partners GP, LLC |
| Creekmont Plaza Partners, LP |