IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-31594-H4-7 |
| DAVID G. WALLACE, JR., | § | |
| | § | |
| DEBTOR | § | |

### BIZRADIO NOTEHOLDERS' EMERGENCY MOTION TO LIFT STAY TO SEEK RELIEF AND CLARIFICATION OF JUDGE ATLAS'S ORDER APPROVING SETTLEMENT AND ENTERING FINAL BAR ORDER AND INJUNCTION IN FEDERAL DISTRICT COURT ACTION

TO THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE:

THIS IS A MOTION FROM RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THE COURT HAS SET A HEARING ON THIS MATTER ON JUNE 9, 2015 AT 9:30 A.M. IN COURTROOM 600, UNITED STATES COURTHOUSE, 515 RUSK, 6TH FLOOR, HOUSTON, TEXAS 77002.

<u>EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.</u>

The BusinessRadio Note Holders set forth in Exhibit A attached hereto ("BusinessRadio Noteholders" or "Movants") file this Emergency Motion to Lift Stay To Seek Relief and Clarification of Judge Atlas's Order Approving Settlement and Entering Final Bar Order and Injunction entered on August 1, 2012 in Civil Action No. 4:09-cv-03674 in the United States

1

District Court for the Southern District of Texas, Houston Division and would respectfully show unto the Court as follows:

## I. Jurisdiction

1. This Court has jurisdiction over this Motion under 28 USC section 1334 and 157(b)(2)(A) and (G). This matter is a core proceeding.

## II. Factual Background

2. On March 24, 2015, David G. Wallace, Jr. filed for protection under chapter 7 of title 11 United States Code. Rodney Tow has been appointed Chapter 7 Trustee.

3. The BusinessRadio Note Holders were enticed by the Debtor to make loans to one of the companies he controlled, Wallace Bajjali Development Partners, LLC ("WBDP"), which in turn made loans, as agent for the Business Radio Note Holders, to one or more Business Radio entities. The Debtor undertook responsibility to handle the loans and to obtain security agreements and perfect security interests on the BusinessRadio Note Holders' behalves. The Debtor and WBDP failed to document the loans properly and failed to perfect the security interests. As a result, the BusinessRadio Note Holders were unable to obtain the assets of BizRadio or otherwise maintain their position as secured creditor. Additionally, the Debtor and WBDP made material misrepresentations of fact and failed to disclose material facts in order to induce the BusinessRadio Note Holders to make the loans at issue. The BusinessRadio Note Holders therefore have fraud claims against the Debtor relating to the transactions.

4. In 2012, the Receiver for BizRadio, Thomas Taylor, entered into settlement negotiations with the Debtor, Costa Bajjali, and several of their companies regarding the repayment of loans owed to the Receivership entities. As part of the settlement that was ultimately reached, the Debtor, Costa Bajjali, and their companies agreed to pay the Receiver certain amounts. In return,

the Receiver released the Receivership's claims against the Wallace Bajjali parties, and obtained a Bar Order preventing the BusinessRadio Note Holders from pursuing any claims against the Wallace Bajjali parties relating to the BusinessRadio Notes.

5. On August 1, 2012, Judge Atlas entered that certain Order Approving Settlement and Entering Final Bar Order and Injunction, which provides:

> "Any and all of the BusinessRadio Note Holders are hereby permanently barred, restrained, and enjoined, consistent with general equitable principles and in accordance with this Court's ancillary equitable jurisdiction in this matter, from commencing or continuing any judicial, administrative, arbitration, or other proceeding and/or asserting or prosecuting any claims and/or causes of action against any of the Wallace Bajjali Parties arising out of, in connection with, or relating in any way to the BusinessRadio Note Plan, the loans made to BusinessRadio or its related entities by the BusinessRadio Note Holders, and/or the notes issued by BusinessRadio or its related entities to the BusinessRadio Note Holders....
>
> The Court shall have and retain jurisdiction over all matters related to the administration, interpretation, effectuation, or enforcement of the Order, the Compromise Settlement and Release Agreement between the Wallace Bajjali Parties and the Receiver, and any related disputes."

5. The Order was affirmed by the Fifth Circuit in an unpublished opinion. A true and correct copy of the Bar Order is attached hereto as Exhibit "B" and incorporated herein for all purposes.

6. The basis upon which the Bar Order was agreed to and approved by the Court was that the BusinessRadio Note Holders would benefit as Receivership beneficiaries from the settlement. In late 2014, the Wallace Bajjali parties defaulted on the settlement agreement, and prior to the bankruptcy filing, the Receiver has asserted claims for breach of the settlement agreement against the Wallace Bajjali parties. The Receiver has not received any of the funds required under the settlement approved by Judge Atlas. Due to the language of the Bar Order, BusinessRadio Noteholders may be enjoined from asserting proofs of claim in the case or filing

discharge actions.

7. Because the Receivership will not receive the benefit of the settlement, and because the Wallace Bajjali parties defaulted on their obligations under the settlement agreement, the BusinessRadio Note Holders intend to ask the District Court to rescind or modify the Bar Order and authorize the BusinessRadio Note Holders to pursue their claims on the BusinessRadio Notes.

### III. Relief Requested

8. BusinessRadio Noteholders seek relief from the automatic stay in order to file pleadings and to obtain relief in the District Court action from the Bar Order to allow them to file proofs of claim in this bankruptcy case and to prosecute discharge actions.[1] The Bar Order itself indicates that it is subject to "general equitable principles". The intent of the Bar Order was not to foreclose the BusinessRadio Noteholders right to have their debts excepted from discharge and to assert claims in the bankruptcy case.

9. 11 USC section 362 (d)(1) authorizes the Court to grant relief from the stay for cause. The BusinessRadio Note Holders submit that cause exists because their rights in the bankruptcy case may be cutoff if the Bar Order is not clarified to allow them to assert their claims and file discharge actions prior to the discharge deadline which is currently set for June 22, 2015, which is approximately one month away[2]. A balancing of the equities favors lifting the stay to allow this actions. The only party that will be harmed by not lifting the stay for this purpose are the innocent Noteholders who were defrauded by the Debtor who may have their rights inadvertently cutoff in this bankruptcy case by the Bar Order. The Debtor is not harmed nor is the Trustee by the

---

[1] This Motion only seeks to modify the Bar Order as to this Debtor, David Wallace due to the impending discharge deadline of June 22, 2015. Movants are aware that several of the Wallace Bajjali parties that have obtained the benefit of the Bar Order from Judge Atlas have filed their own chapter 7 bankruptcy cases. Movants are not seeking any relief from the Bar Order against any of these other chapter 7 debtors, unless and until an Order is entered in the respective bankruptcy case which grants stay relief for this purpose.

[2] In the event Judge Atlas cannot hear or rule upon any motion filed for clarification/modification, Movants reserve their right to seek an extension of the 727 and 523 deadlines in this case until a final order is entered on any motion filed by Movants.

4

lifting of the stay. The Receiver is not harmed because he will be able to make his arguments in front of Judge Atlas on the issues. Under these circumstances, and the factors considered by bankruptcy courts that are applicable to this motion, the hardship to Movants greatly outweighs the hardship to the debtor or the bankruptcy estate by continuing the stay. *See In re Choice ATM Enters.* 2015 Bankr. LEXIS 689, *10, *11(Bankr. N.D. Tex. 2015). For these reasons, cause exists to lift the stay for this express purpose.

10. An emergency hearing is requested because the deadline to file a discharge action is June 22, 2015, which is approximately one month away. In this time frame, BusinessRadio Noteholders need to obtain an order lifting stay and file, brief and schedule hearings in front of Judge Atlas on seeking relief from the Bar Order. Movants request a hearing setting at a time acceptable to the Court prior to the June 22, 2015 deadline which allows them enough time to seek relief from Judge Atlas in the District Court Lawsuit. For these reasons, BusinessRadio Noteholders certify that an emergency exists which warrants a hearing on this Motion at the Court's earliest convenience.

WHEREFORE, PREMISES CONSIDERED, the BusinessRadio Note Holders set forth in Exhibit A attached hereto respectfully request that the Court set an emergency hearing and after hearing, enter an Order lifting the automatic stay in the case for the limited purpose of allowing the BusinessRadio Note Holders set forth in Exhibit A attached hereto to file pleadings and to obtain relief in the District Court action from the Bar Order to allow them to file proofs of claim in the bankruptcy case and to file and prosecute discharge actions against the Debtor for the reasons set forth herein and grant such other and further relief, at law and in equity, as is just.

Respectfully submitted,

_____/s/ C. Thomas Schmidt_____
C. Thomas Schmidt
State Bar No. 00797386
Schmidt Law Firm, PLLC
7880 San Felipe, Suite 210
Houston, Texas 77063
Telephone: (713) 568-4899
Facsimile: (815-301-9000
ATTORNEY IN CHARGE FOR THE BIZRADIO
NOTEHOLDERS ON EXHIBIT A

Preston T. Towber
State Bar No. 20152600; Fed ID No. 8217
The Towber Law Firm PLLC
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 485-3555
Facsimile: (832) 485-3550
CO-COUNSEL FOR THE BIZRADIO
NOTEHOLDERS SET FORTH ON EXHIBIT A

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he contacted (a) the Receiver's counsel, Joseph Epstein on May 6, 2015 at 3:47 pm, and the Receiver, by email dated May 13, 2015, responded that he opposes the Motion; (b) the Debtor's counsel, Janet Casciato and the Chapter 7 Trustee's counsel, Kyung Lee and Charles Rubio by email on May 21, 2015 at approximately 3:45 pm. Ms Casciato indicated in a phone conference on May 22, 2015 at 11:00 am that an agreement could not be reached at this time. On May 22, 2015, at approximately 9:45 am and 10:45 am, counsel left voicemail messages with both Mr. Rubio and Mr. Lee respectively and have not heard back on the substance of the Motion, at the time of the filing.

/s/ Preston T. Towber

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion For Relief From Stay as to the BusinessRadio Note Holders has been served upon all parties listed on the attached Trustee's Master Service List either by postage paid United States mail or electronically by the Court on this 22nd day of May, 2015.

/s/ Preston T. Towber<br>
Preston T. Towber

United States Trustee Nancy Holky
Office of the United States Trustee
515 Rusk Ave, Suite 3516
Houston, TX 77002-2604

David Wallace, Sr.
1 Bishop Gadsden Way, Cottage 21
Charleston, SC 29412

Janet S. Casciato-Northrup
Law Offices of Janet S. Northrup, P.C.
333 Clay St., Suite 2835
Houston, TX 77002

Cornerstone Home Lending
1177 West Loop South, Suite 200
Houston, TX 77027

Financial Control Services
6801 Sanger Avenue, Suite 195
Waco, TX 76710

Ally Financial
P.O. Box 8104
Cockeysville, MD 21030

Greatwood Homeowners Association
8802 Greatwood Parkway
Sugar Land, TX 77479

Kay Parker
Fitts Roberts
5718 Westheimer, Suite 800
Houston, TX 77057

Fort Bend County Tax Office
1317 Eugene Heimann Circle
Richmond, TX 77469

Lamar Consolidated Independent School District
1317 Eugene Heimann Circle
Richmond, TX 77469

New Prime, Inc.
2740 N. Mayfair
Springfield, MO 65803

Hari Agrawal
Can Metals Limited
4800 Sugar Grove Blvd., Suite 475
Stafford, TX 77477

Internal Revenue Service
Insolvency Section
1919 Smith Street
Stop 5024 HOU
Houston, TX 77002

Steven Bain
Steven Bain Law Offices
12620 Tesson Ferry Road, Suite 121
St. Louis, MO 63128

Neal Jain
17 St. Peters Walk
Sugar Land, TX 77479

American Express
P.O. Box 3001
16 General Warren Blvd.
Malvern, PA 19355

Costa Bajjali
2911 Waters Lake Lane
Missouri City, TX 77459

Kathy Wingo
14402 West Bellfort, Unit 212
Sugar Land, TX 77498

Arvest Bank
P.O. Box 799
Lowell, AR 72745

Stonehenge Companies, LLC C/O
Patrick L. Hughes Haynes and Boone, LLP
1221 McKinney, Suite 2100
Houston, TX 77010

American International Alliance, LP
8108 Old Hixon Road
Tampa, FL 33626

BBVA Compass Bank
P.O. Box 77210
Houston, TX 77210

Bain & Barkley
14090 Southwest Freeway, Suite 450
Sugar Land, TX 77478

Capital One Bank (USA) N.A.
P. O. Box 30285
Salt Lake City, UT 84130

Thomas Schmidt
Schmidt Law Firm
7880 San Felipe, Ste. 210
Houston, Texas 77063

Brian Stanley
C/O Robert G. Miller
O'Donnell, Ferebee & Frazier, PC
450 Gears Road, Eighth Floor
Houston, TX 77067

Chase Card
P.O. Box 15298
Wilmington, DE 19850

David Spadafora
C/O Frost Bank
100 West Houston Street
San Antonio, TX 78205

Charles Clements
P.O. Box 90661
Austin TX 78709

Dinesh Shah *Denesh Shah*
One Sugar Lakes
4660 Sweetwater Blvd
Suite 300
Sugar Land, TX 77479

Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, TX 77002

Community Bank & Trust, Waco, Texas
C/O Jeffery R. Cox
Sheehy, Lovelace & Mayfield, P.C.
210 N. Valley Mills Dr., Suite 500
Waco, TX 76710

Fullenweider Wilhite
4265 San Felipe Street
Suite 1400
Houston, TX 77027

ZT Global
11233 Shadow Creek Parkway
Ste. 300
Pearland, TX 77854

David Gordon Wallace, Jr.
1634 Brookstone Lane
Sugar Land, TX 77479

A. Stephen Trevion
MESA Asset Management, LLC
3016 Rice Blvd.
Houston, TX 77005

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, TX 77002

Charles M. Rubio
Diamond McCarthy, LLP
909 Fannin Street, 15th Floor
Two Houston Center
Houston, TX 77010

Lowery Bank
C/O Stephanie J. Stigant
The Holoway Jones Law Firm, PLLC
407 Julie Rivers Drive
Sugar Land, TX 77478

Frost Bank
C/O L. David Smith
Chernosky, Smith, Ressling & Smith, PLLC
4646 Wild Indigo, Suite 110
Houston, TX 77027