THE UNITED STATES BANKRUPTCY COURT
SOTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 05 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| IN RE: DAVID GORDON WALLACE, JR.<br>DEBTOR | § | |
| | § | |
| CHARLES CLEMENTS<br>PLAINTIFF | §<br>§ | Case No. 15-31594 (Chapter 7) |
| | § | |
| | § | |
| DAVID GORDON WALLACE, JR. | § | |
| | § | |
| DEFENDANT (S) | §<br>§ | |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JEFF BOHM:

CHARLES CLEMENTS ("PLAINTIFF") ALLEGES AND COMPLAINS TO THE COURT THE FOLLOWING:

I.  PARTIES AND JURISDICTION

1. Plaintiff is a legal Citizen of the State of Texas and is entitled to bring this action.

2. Defendant filed a voluntary Chapter 7 Bankruptcy petition on March 24, 2015

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Plaintiff is a creditor in this bankruptcy proceeding and is an original party in interest having extended a personal monetary loan to the Defendant, which is the subject matter of this complaint.

1



II. ASPECTS OF OBJECTING TO DISCHARGE

Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. §523; this proceeding is a core matter and involve aspects pertaining to Section 523(a) provides that the following debts are not discharged: (2) claims created by certain wrongful acts of the debtor, (4) claims resulting from the fraud or defalcation by a fiduciary, and (6) willful and malicious injury.

III. CAUSE OF ACTION

1. Plaintiff re-alleges and incorporates by reference the allegations set forth in Section I and Section II, above;

2. The Defendant entered into a Due On Demand Promissory Note, ("Contract"), in favor of the Plaintiff;

3. Under the terms and conditions of the Contract the Defendant received and accepted principal amount of $10,000 USD from the Plaintiff on November 03, 2014;

4. Under the terms and conditions of the Contract the Defendant agreed to repay the full principal amount of $10,000 USD, plus interest, to the Plaintiff no later than December 31, 2014;

5. Additionally, under the terms and conditions of the Contact the Defendant agreed



to be held liable for, and reimburse to Plaintiff, court costs/ fees, legal costs/fees, and other expenses related to the collection of the debt;

6. Plaintiff reasonably relied on the original representations made by Defendant;

7. The Plaintiff entered into the Contract based on the Defendant's claim that the funds were needed for the purpose of depositing a retainer and escrow funds with his personal attorney in regards to a transaction between him and Mr. Costa Bajjali;

8. At the time when Defendant received funds from Plaintiff Plaintiff's employer (ZT Wealth, ZT Construction, ZT Development, Trinet – referred to as a single employer ) had a highly vested interest in the aforementioned transaction that was to have taken place between the Defendant and Mr. Costa Bajjali. However, the transaction never occurred.  Therefore, the Plaintiff claims that the Defendant had a fiduciary responsibility to return the funds to the Plaintiff, used such funds for other purposes, and/or received these funds back from his attorney and used the funds for his family's own personal gain.

Furthermore, the Plaintiff's employer at such time has maintained that the **non-completion of the aforementioned transaction between the Defendant and Mr. Costa Bajjali was a major contributing factor in causing the termination of the Plaintiff's employment.



Therefore, the Defendant's actions in this matter, and the Defendant's subsequent refusal to even make an attempt repay the debt to the Plaintiff has caused extraordinary undue hardships to the Plaintiff and the Plaintiff's own family;

9. Plaintiff alleges that the Defendant misrepresented himself, misrepresented the circumstances, entered into the Contract, and accepted funds from the Plaintiff when he had no ability, objective, or intent to repay the Plaintiff;

10. Plaintiff further alleges that the Defendant obtained funds from the Plaintiff and caused additional harm/damages/losses to the Plaintiff by false pretenses, false representations and/or actual fraud;

11. Plaintiff further alleges that the level of Defendant's actions may well cause concerns that the Defendant possibly committed acts of criminal Larceny and/or criminal embezzlement regarding this matter;

12. As a result of Defendant's conduct, Plaintiff has suffered damages as follows:

    A.    The loss of unpaid principal due the Plaintiff ($10,000 USD);

    B.    The loss of all unpaid and accrued interest due as of the filing of this Petition in accordance with the terms and conditions of the Contract ($896.86 USD);

    C.    The loss of all collection costs, court costs, court filing fees, and other legal costs incurred by, and on behalf of, the Plaintiff as of to the filing of this



Petition ($562.40 USD); and,

D. The loss of all additional unpaid and accrued interest due after the filing of this Petition in accordance with the terms and conditions of the Contract; and

13. Pursuant to 11 USC § 523(a)(2), (4), and (6) Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $11,459.26.

IV. PRAYER FOR RELIEF

1. The Plaintiff prays that this Court demands judgment for relief against the Defendant and in favor of the Plaintiff for the following:

  A. Unpaid principal due the Plaintiff ($10,000 USD);

  B. All unpaid and accrued interest due as of the filing of this Petition in accordance with the terms and conditions of the Contract ($896.86 USD);

  C. All collection costs and fees incurred by, and on behalf of, the Plaintiff prior to the Filing of this Petition ($562.40 USD);

  D. All additional unpaid and accrued interest due after the filing of this Petition in accordance with the terms and conditions of the Contract;

  E. All additional court proceedings costs, filing fees, and other collection related expenditures yet to be incurred by the Plaintiff; and

2. The Plaintiff further prays that the Court will issue a standing order to prohibit

5



from bankruptcy discharge any, current or future, entitlements due the Plaintiff as the result of any liable or punitive, claims, settlements, or court orders.

V.    FUTURE PLEDGING

Plaintiff reserves the right to make additional pleading to the Court regarding this matter.

Respectfully submitted,

By: _____
Charles Clements
Pro Se, Petitioner / Plaintiff
PO BOX 90661
Austin, Texas  78099
361-571-7473

I hereby certify that I have caused a true and correct copy of the foregoing Motion to be served to the parties listed below via first class mail, postage paid, within 24 hours of this filing.

_____
Charles Clements, Plaintiff


David Gordon Wallace, Jr.
c/o Janet S. Casciato-Northrup, P.C.
333 Clay Street, ste. 2835
Houston, Texas 77002


Rodney D. Tow, Chapter 7 Trustee
c/o Charles M. Rubio
Diamond McCarthy, LLP
909 Fannin Street, 15th Floor
Two Houston Center
Houston, Texas 77010