IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| DAVID GORDON WALLACE, JR. § | CASE NO. 15-31594 |
| § | |
|   Debtor § | |
| § | |

MOTION OF NSJS, LIMITED PARTNERSHIP
TO EXTEND TIME FOR FILING EXCEPTION
TO DISCHARGEABILITY OF DEBT
11 USC § 523

---

**RULE 9013 NOTICE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

  NSJS Limited Partnership ("NSJS") files this Motion to Extend Time for Filing Exception to Discharge of Debt pursuant to 11 USC § 523 as follows:

  1. On March 24, 2015, David Wallace, Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code.

  2. The Section 341 meeting of creditors was original scheduled for April 21, 2015.

3.     Pursuant to Federal Bankruptcy Rule 4007(c), exceptions to dischargeability of debt filed in accordance with 11 USC § 523 must be filed within 60 days of the date first set for the meeting of creditors.  That date is June 22, 2015.

4.     Cause exists to extend the date by which NSJS Limited Partnership may file an Complaint to determine discharge of debt.

5.     On November 18, 2010, NSJS filed a lawsuit against Waco Town Square Partners II, L.P., Waco Town Square Management II, L.P., the Debtor David Wallace and others under civil action number 20104220-5 in the District Court of McLennan County, Texas, 414th Judicial District, (the, "McLennan County Lawsuit")

6.     On October 21, 2011, Waco Town Square Partners II, L.P., Waco Town Square Management II, L.P. filed voluntary petitions for relief under chapter 11 of the United States Code Bankruptcy Code.  The two cases were consolidated.

7.     On November 21, 2011, the McLennan County Lawsuit was removed to the United States Bankruptcy Court for the Western District of Texas, where it was pending as Adversary Proceeding No. 11-6025.

8.     NSJS sought remand of the Adversary Proceeding and the matter was remanded to state court on February 9, 2012.

9.     The Waco Town Square debtors filed a joint plan which was confirmed.  Under the terms of the plan, NSJS was required to amend its Adversary Complaint to remove any derivative claims belonging to the Waco Town Square debtors within a certain amount of time. In the event that no amendment was timely filed, the Plan provided that all asserted causes of action were property of the Waco Town Square debtor estates.  The Plan was confirmed on May 30, 2012.

10. On June 4, 2012, the Western District Bankruptcy Court denied the Waco Town Square debtors' motion to reconsider its order remanding the Adversary Proceeding to McLennan County District Court.

11. NSJS did not amend within the time specified. The Adversary Proceeding had been remanded to state court so there was no adversary complaint to amend and the Western District had held that the complaint did not contain derivative claims.

12. The Waco Town Square debtors sought enforcement of the terms of the plan.

13. The Bankruptcy Court, Judge Isgur presiding, held that Plan terms controlled and all claims asserted by NSJS were property of the bankruptcy estates.

14. NSJS Limited Partnership appealed this decision and the United States District Court remanded the matter to the Bankruptcy Court for further consideration.

15. Upon remand and further consideration, the Bankruptcy Court again held that the claims asserted by NSJS were property of the Waco Town Square debtor bankruptcy estates.

16. NSJS has appealed this order and the appeal is presently pending before the United States District Court for the Southern District of Texas, Houston Division under Case No. 4:15cv485.

17. If NSJS is successful in its appeal, the causes of action asserted against the Debtor David Wallace and the other defendants, other than the Waco Town Square debtors, will be determined to belong to NSJS Limited Partnership and it may assert the claims raised in the McLennan County Lawsuit. If the Bankruptcy Court's ruling is affirmed, all claims asserted in the litigation will have been released.

18. It is unclear at this time whether NSJS has standing to file a Complaint to determine the discharge of debt arising from the claims asserted in the McLennan County Lawsuit until the issues on appeal have been resolved.

19. NSJS seeks an extension of the deadline for filing an Complaint to determine the discharge of debt pursuant to 11 USC § 523 sufficient to allow the appeal to be determined.

20. An extension of time to file a Complaint to determine the discharge of debt is necessary to preserve NSJS's right to object.

Wherefore, NSJS Limited Partnership requests that the Court grant its motion and enter its Order extending the time within which NSJS Limited Partnership may file a Complaint to determine the discharge of debt pursuant to 11 USC § 523 until such time as the above referenced appeal has been resolved by final order and for such other relief as may be just.

**Law Office of David W. Anderson**

/s/ David W. Anderson
David W. Anderson
TBN01174350
Office: 3730 Kirby, Suite 1200-309
 Houston, Texas 77098
Mail:   P.O. Box 6152
 Kingwood, Texas 77325
Phone: (713) 868-4411
Fax: (713) 868-4413
dwanderson@ralaw.net

**CERTIFICATE OF CONFERENCE**

This is to certify that I conferred with counsel for the Debtor, Janet S Casciato-Northrup regarding the foregoing motion for extension of time. The conferences included telephone conferences and email correspondence. Debtor's counsel was provided with a copy of the motion prior to filing and Movant incorporated counsel's requested modifications.  Debtor's counsel has stated that she is not opposed to the relief requested.

/s/ David W. Anderson
David W. Anderson

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the Motion Extension of Time has been served on the parties listed on the attached service list by ECF or by U.S. first class mail, postage prepaid, on June 12, 2015.

                                              /s/ David W. Anderson
                                              David W.  Anderson