IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-31594-H4-7 |
| DAVID G. WALLACE, JR., | § | |
| | § | |
| DEBTOR | § | |

## NOTEHOLDERS/INVESTORS' EMERGENCY UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE COMPLAINT EXCEPTING DEBTS FROM DISCHARGE UNDER FED. R. BANKR. PROC. 4007(b) AND OBJECTING TO DISCHARGE UNDER FED R. BANKR. 4004(c)

TO THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE:

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE MOTION MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RTELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, THEN YOU SHOULD FILE AN IMMEDIATE RESPONSE.

The NoteHolders/Investors set forth in Exhibit A attached hereto ("Movants") file this Emergency Unopposed Motion to Extend Deadline to File Complaints Excepting Debts from Discharge under 11 USC section 523 and Fed. R. Bankr. P. 4007(c) and Objection to Discharge under 11 USC section 727 and Fed. R. Bankr. P. 4004(b) would respectfully show unto the Court as

follows:

I. Jurisdiction

1. This Court has jurisdiction over this Motion under 28 USC section 1334 and 157(b)(2)(I) and (J) and Fed. Rule Bankr. Proc. 4004(b) and 4007(c). This matter is a core proceeding.

II. Factual Background

2. On March 24, 2015, David G. Wallace, Jr. filed for protection under chapter 7 of title 11 United States Code. Rodney Tow has been appointed Chapter 7 Trustee.

3. The BusinessRadio Note Holders were enticed by the Debtor to make loans to one of the companies he controlled, Wallace Bajjali Development Partners, LLC ("WBDP"), which in turn made loans, as agent for the Business Radio Note Holders, to one or more Business Radio entities. The Debtor undertook responsibility to handle the loans and to obtain security agreements and perfect security interests on the BusinessRadio Note Holders' behalves. The Debtor and WBDP failed to document the loans properly and failed to perfect the security interests. As a result, the BusinessRadio Note Holders were unable to obtain the assets of BizRadio or otherwise maintain their position as secured creditor. Additionally, the Debtor and WBDP made material misrepresentations of fact and failed to disclose material facts in order to induce the BusinessRadio Note Holders to make the loans at issue. The BusinessRadio Note Holders therefore have fraud claims against the Debtor relating to the transactions.

4. Due to the fact that Judge Atlas entered a bar order barring the BusinessRadio Note Holders from asserting claims against, *inter alia*, Wallace, certain of the BusinessRadio Note Holders filed an emergency motion to lift stay to allow them to seek clarification from Judge Atlas of the bar order. On June 9, 2015, this Court entered an agreed order which allowed the

BusinessRadio Note Holders to seek clarification from Judge Atlas of the bar order. To date, no hearing has been set on this matter.

5.       Additionally, the Investor Group asserts fraud, breach of fiduciary duty, and conspiracy claims against the Debtor for his role(s) in the operation of BizRadio, Kaleta Capital Management, and the Wallace-Bajjali entities.  The Debtor misrepresented the financial condition and business status of the entities involved in order to induce the Investor Group to make loans and equity investments.  After they made investments, the Debtor entered into financial transactions with and/or on behalf of BizRadio, Kaleta Capital Management, and the Wallace-Bajjali entities which constituted fraud and/or breaches of fiduciary duty.  These include, but are not limited to, transfers of money between the entities without disclosure to the investors, payments of expenses not for the benefit of the companies and/or their investors, failing to disclose that numerous businesses were insolvent as the result of self-dealing and insider transactions, using profits from one entity to shore up another entity to the detriment of certain investors, abandoning or neglecting the Wallace-Bajjali entities for which he was an officer or general partner in favor of his public-private partnership business, knowingly participating in a Ponzi scheme, failing to disclose that he was knowingly participating in a Ponzi scheme, and making misrepresentations of material fact about the operation and success of the various businesses involved.

### III.       Relief Requested

6.       The Noteholders/Investors set forth on Exhibit A seek an order from this Court which extends the deadline specifically as to them, for filing complaints excepting their debts from discharge under section 523 and objections to discharge under section 727 until August 21, 2015. The Debtor has indicated, by email, through his counsel, that he does not oppose the extension relief requested herein.

7.      Movants seek the relief in this motion out of an abundance of caution insofar as the Court entered an Order Extending Trustee's Time to Object to Dischargeability and Discharge Pursuant to 11 U.S.C. §§ 523 and 727 (Docket No. 45) (the "Extension Order"). The Extension Order provides the Chapter 7 Trustee, the United States Trustee and "any creditor" an extension from June 22, 2015 to August 21, 2015, or as may be further extended, to commence challenges under 11 U.S.C. §§ 523 and 727. Other creditors that have filed motions to extend have cited authorities that suggest the current Extension Order may be ineffective to extend the deadline for any challenges that the Movants may wish to lodge against the Debtor. *See In re Floyd*, 37 B.R. 890 (Bankr. N.D. Tex 1984); *In re Tatum*, 60 B.R. 335 (Bankr. D. Colo. 1986); *In re Ortman*, 51 B.R. 7 (Bankr. S.D. Ind. 1984); *In re Butler*, 94 B.R. 433 (Bank. N.D. Tex. 1989). While there are distinguishing factors in these cases as compared to the Extension Order, for the avoidance of any doubt and to preserve rights, Movants requests a specific order extending the deadlines for the Movants to commence any challenges under 11 U.S.C. §§ 523 and 727.

8.      Cause exists to grant the extension because the Movants' claims against the Debtor are intricate and complex and require additional time to analyze and properly assert. Further, as to the BusinessRadio Noteholders, they must obtain permission from Judge Atlas to pursue their claims, which requires additional time.

9.      For these reasons, cause exists to extend the 523 and 727 deadlines until August 21, 2015.

10.     Emergency consideration of this Motion is requested because the discharge deadline was originally set for June 22, 2015 and Movants seek an extension as to them, if not covered by the general extension order, before this date.

WHEREFORE, PREMISES CONSIDERED, the Note Holders/Investors set forth in

4

Exhibit A attached hereto respectfully request that the Court enter an order which extends the 523 and 727 deadlines to file a complaints excepting debt from discharge or objecting to discharge until August 21, 2015 for the reasons set forth herein and grant such other and further relief, at law and in equity, as is just.

Respectfully submitted,

_____ /s/ C. Thomas Schmidt _____
C. Thomas Schmidt
State Bar No. 00797386
Schmidt Law Firm, PLLC
7880 San Felipe, Suite 210
Houston, Texas 77063
Telephone: (713) 568-4899
Facsimile: (815-301-9000
ATTORNEY IN CHARGE FOR
NOTEHOLDERS/INVESTORS LISTED ON
EXHIBIT A

Preston T. Towber
State Bar No. 20152600; Fed ID No. 8217
The Towber Law Firm PLLC
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone:   (832) 485-3555
Facsimile:   (832) 485-3550
CO-COUNSEL FOR THE
NOTEHOLDERS/INVESTORS LISTED ON
EXHIBIT A

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he contacted Debtor's counsel, Janet Casciato Northrup, by email dated June 15,2015, Ms. Casciato responded by email at 4:22 pm on June 15, 2015 that she does not oppose the extension request.

/s/ Preston T. Towber

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Unopposed Motion to Extend Deadline to File Complaints Excepting Debts from Discharge under 11 USC section 523 and Fed. R. Bankr. P. 4007(c) and Objection to Discharge under 11 USC section 727 and Fed. R. Bankr. P. 4004(b) has been served upon all parties listed on the attached Master Service List either by postage paid United States mail or electronically by the Court on this 17th day of June, 2015.

/s/ Preston T. Towber
Preston T. Towber

United States Trustee
Office of the United States Trustee
515 Rusk Ave, Suite 3516
Houston, TX 77002-2604

David Wallace, Sr.
1 Bishop Gadsden Way, Cottage 21
Charleston, SC 29412

Janet S. Casciato-Northrup
Law Offices of Janet S. Northrup,
P.C.
333 Clay St., Suite 2835
Houston, TX 77002

Cornerstone Home Lending
1177 West Loop South, Suite 200
Houston, TX 77027

Financial Control Services
6801 Sanger Avenue, Suite 195
Waco, TX 76710

Ally Financial
P.O. Box 8104
Cockeysville, MD 21030

Greatwood Homeowners
Association
8802 Greatwood Parkway
Sugar Land, TX 77479

Kay Parker
Fitts Roberts
5718 Westheimer, Suite 800
Houston, TX 77057

Fort Bend County Tax Office
1317 Eugene Heimann Circle
Richmond, TX 77469

Lamar Consolidated Independent
School District
1317 Eugene Heimann Circle
Richmond, TX 77469

New Prime, Inc.
2740 N. Mayfair
Springfield, MO 65803

Hari Agrawal
Can Metals Limited
4800 Sugar Grove Blvd., Suite 475
Stafford, TX 77477

Internal Revenue Service
Insolvency Section
1919 Smith Street
Stop 5024 HOU
Houston, TX 77002

Steven Bain
Steven Bain Law Offices
12620 Tesson Ferry Road, Suite
121 St. Louis, MO 63128

Neal Jain
17 St. Peters Walk
Sugar Land, TX 77479

American Express
P.O. Box 3001
16 General Warren Blvd.
Malvern, PA 19355

Costa Bajjali
2911 Waters Lake Lane
Missouri City, TX 77459

Kathy Wingo
14402 West Bellfort, Unit 212
Sugar Land, TX 77498

Arvest Bank
P.O. Box 799
Lowell, AR 72745

Stonehenge Companies, LLC
c/o Patrick L. Hughes Haynes and
Boone, LLP
1221 McKinney, Suite
2100 Houston, TX 77010

American International Alliance, LP
8108 Old Hixon Road
Tampa, FL 33626

BBVA Compass Bank
P.O. Box 77210
Houston, TX
77210

Peter Johnson
Law Office of Peter Johnson
Eleven Greenway Plaza, Ste 2820
Houston, TX 77046

Bain & Barkley
14090 Southwest Freeway,
Suite 450
Sugar Land, TX 77478

Capital One Bank (USA)
N.A. P. 0. Box 30285
Salt Lake City, UT 84130

Thomas Schmidt
Schmidt Law Firm
7880 San Felipe, Ste. 210
Houston, Texas 77063

Brian Stanley
C/0 Robert G. Miller
O'Donnell, Ferebee & Frazier, PC
450 Gears Road, Eighth Floor
Houston, TX 77067

Chase Card
P.O. Box 15298
Wilmington, DE 19850

David Spadafora
C/0 Frost Bank
100 West Houston Street
San Antonio, TX 78205

Charles Clements
P.O. Box 90661
Austin TX 78709

One Sugar Lakes
4660 Sweetwater Blvd
Suite 300
Sugar Land, TX 77479

Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, TX 77002

Community Bank & Trust, Waco,
Texas
C/0 Jeffery R. Cox
Sheehy, Lovelace & Mayfield,
P.C. 210 N. Valley Mills Dr.,
Suite 500 Waco, TX 76710

Fullenweider Wilhite
4265 San Felipe Street
Suite 1400
Houston, TX 77027

ZT Global
11233 Shadow Creek Parkway
Ste. 300
Pearland, TX 77854

David Gordon Wallace, Jr.
1634 Brookstone Lane
Sugar Land, TX 77479

A. Stephen Trevion
MESA Asset Management, LLC
3016 Rice Blvd.
Houston, TX 77005

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, TX 77002

Charles M. Rubio
Diamond McCarthy, LLP
909 Fannin Street, 15th
Floor Two Houston Center
Houston, TX 77010

Lowery Bank
C/0 Stephanie J. Stigant
The Holoway Jones Law Firm, PLLC
407 Julie Rivers Drive
Sugar Land, TX 77478

Frost Bank
C/0 L. David Smith
Chernosky, Smith, Ressling & Smith,
PLLC
4646 Wild Indigo, Suite 110
Houston, TX 77027

David W. Anderson
Law Office of David W Anderson
PO Box 6152
Kingwood, TX 77325