UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| DAVID GORDON WALLACE, JR., | § § | CASE NO. 15-31594 |
| DEBTOR. | § § § | (Chapter 7) |

**NOTICE OF RULE 2004 EXAMINATION OF VIRGINIA ACQUISITIONS, LLC
BY CHAPTER 7 TRUSTEE RODNEY D. TOW**

TO:  Richard E. Walters
Spencer Fane Britt & Browne LLP
2144 E. Republic Road, Suite B300
Springfield, MO 65804
*Counsel for Virginia Acquisitions, LLC*

Spenserv-Springfield, Inc.
3529 East Ridgeview Street
Springfield, MO 65804
*Registered Agent for Virginia Acquisitions, LLC*

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of Texas, Virginia Acquisitions, LLC ("Virginia Acquisitions") is commanded to produce the original or copy of all documents listed and defined on the subpoena duces tecum attached as Exhibit A to this Notice on or before July 31, 2015 to the offices of **Diamond McCarthy LLP, c/o Charles M. Rubio, 909 Fannin St., Suite 1500, Houston, TX 77010**, unless otherwise agreed by Rodney D. Tow, Chapter 7 Trustee for the bankruptcy estate of David Gordon Wallace, Jr. and Virginia Acquisitions.

Dated: July 1, 2015.

        Respectfully submitted,

        DIAMOND McCARTHY LLP

        By: */s/ Charles M. Rubio*
        Kyung S. Lee
        TBA No. 12128400
        klee@diamondmccarthy.com
        (713) 333-5125
        Charles M. Rubio
        TBA No. 24083768
        crubio@diamondmccarthy.com
        (713) 333-5127
        909 Fannin, Suite 1500
        Houston, Texas  77010
        (713) 333-5100  Telephone
        (713) 333-5195  Facsimile

        ATTORNEYS FOR RODNEY D. TOW,
        CHAPTER 7 TRUSTEE FOR DAVID
        GORDON WALLACE, JR.

**CERTIFICATE OF CONFERENCE**

      Pursuant to Local Bankruptcy Rule 2004-1, I certify that, on June 30, 2015, I called and left a voicemail for Richard E. Walters, counsel for Virginia Acquisitions, to confer regarding the relief requested herein.  As of the filing of this Notice, Mr. Walters has not returned the voicemail.

        */s/ Alexander R. Perez*
        Alexander R. Perez

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have caused a true and correct copy of the foregoing Notice to be served (i) via electronic means on all parties who receive ECF notice in this bankruptcy case, (ii) by electronic mail on Counsel for Virginia Acquisitions at the email address listed below, and (iii) by first class U.S. mail postage pre-paid upon the Registered Agent for Virginia Acquisitions listed below.

    Virginia Acquisitions, LLC
    c/o Richard E. Walters (rwalters@spencerfane.com)
    Spencer Fane Britt & Browne LLP
    2144 E. Republic Road, Suite B300
    Springfield, MO 65804
    *Counsel for Virginia Acquisitions, LLC*

    Spenserv-Springfield, Inc.
    3529 East Ridgeview Street
    Springfield, MO 65804
    *Registered Agent for Virginia Acquisitions, LLC*

                                                               */s/ Alexander R. Perez*
                                                                 Alexander R. Perez

## DEFINITIONS

1. The term "Affiliate" has the meaning ascribed to such term in § 101(2) of the Bankruptcy Code.

2. The terms "all," "each" and "any" shall be construed to mean all, each, every, and any.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The term "Bankruptcy Case" means the voluntary chapter 7 case of the Debtor, *In re David Gordon Wallace, Jr.*, Case No. 15-31594, pending before the Court.

5. The term "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended).

6. The term "Communications" means any transmittal of information, of any kind, without regard to whether such information was transmitted in writing, electronically, visually, or by any other means.

7. The term "Court" means the United States Bankruptcy Court for the Southern District of Texas.

8. The term "Debtor" means David Gordon Wallace, Jr., and any advisors; Affiliates, attorneys; accountants; consultants; employees; representatives; and other Persons acting, or who have acted, on behalf of, or who have acted, on behalf of the foregoing.

9. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

10. The term "including" means including but not limited to.

11. The term "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

12. The term "Real Property" means the real estate and all improvements thereon located at 1634 Brookstone Lane, Sugar Land, Texas 77479.

13. The terms "regarding", "related to", "relate to", "relating to", "referred to", "refer to", and "referring to" mean having any relationship or connection to, concerning, being

2

connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

14. The term "Virginia Acquisitions" means Virginia Acquisitions, LLC, a limited liability company organized under the laws of the State of Missouri.

15. The term "You" or "Your" means the Virginia Acquisitions.

**EXHIBIT A**
**SUBPOENA DUCES TECUM**
**INSTRUCTIONS**

1. All Documents described that are in Your possession, custody, or control, including Documents, wherever located, within the possession, custody, or control of Your advisors, Affiliates, agents, attorneys, accountants, consultants, employees, representatives, and other persons acting or who have acted on behalf of the foregoing, created or dated on or after **August 1, 2014** to the present, shall be produced as directed herein.

2. Any Document requested herein that is not in Your immediate physical possession, but which You have a right to obtain from a third person or otherwise subject to Your control, shall be obtained and produced as directed.

3. The selection of Documents from files and other sources shall be performed in such a manner as to insure that the file or the source from which a Document is obtained may be identified.

4. Produce electronically stored information in native file format, with all metadata intact.

5. Documents attached to other Documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

6. All Documents produced in response to this request shall be produced en toto notwithstanding the fact that portions thereof may contain information not requested, and shall include interim and drafts as well as final editions of the Document, and shall include all additions or copies of a Document which are not identical to (whether due to handwritten notation, or revisions, or otherwise) the original or other produced copy of the Document.

7. If any Documents requested herein are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), each such Document is to be identified by stating: (a) the identity of each person who prepared and/or signed the Document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the Document; (d) the date of the Document; (e) the subject matter of the Document; (f) the type of Document; and (g) the basis for withholding the Document.

8. If any Document requested herein contains both privileged and non-privileged material, the non- privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Documents.

9. In the event that any Document requested herein has been destroyed or discarded, that Document is to be identified by stating: (a) the Document's date, subject matter, number of pages, and attachments or appendices; (b) all persons to whom the Document was distributed, shown, or explained; (c) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (d) the persons who authorized and carried out such destruction or discard; and (e) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

10. Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or Document comparisons, in addition to the Document itself. Each Document is to be produced in its entirety, without abbreviation or expurgation.

## DOCUMENTS TO BE PRODUCED

1. All financial statements, whether monthly, quarterly, or annual, including balance sheets, income statements, statements of cash flows and any disclosure documents, attachments, schedules, etc., for Virginia Acquisitions for fiscal year 2014 to present.

2. All in-effect bylaws, operating agreements, articles of incorporation or organization, and other documents relating to the formation, ownership, operation and governance of Virginia Acquisitions, and any amendments thereto.

3. All minutes, notes and other documents relating to board, member, manager, or partnership meetings of the Virginia Acquisitions.

4. All shareholder agreements, LLC member or manager agreements, partnership agreements, tax-sharing agreements or other contracts or agreements relating to the rights and restrictions associated with Debtor's interests in Virginia Acquisitions.

5. A copy of Virginia Acquisitions' current capitalization table showing all ownership interests issued by Virginia Acquisitions, together with all documents describing the characteristics of such ownership interests.

7. All documents showing capital contributed to, and withdrawn from, Virginia Acquisitions by the Debtor from the inception of the Virginia Acquisitions to the present.

8. All documents showing wages, salaries, bonuses and any other compensation paid to the Debtor for the time period from August 1, 2014 through the present, as well as any documents showing the calculations of, or the formulas used, in determining the amounts of any elements of compensation paid.

9. All W-2s, 1099s, or K-1s issued by Virginia Acquisitions to the Debtor for the time period of August 1, 2014, through the present.

10. All federal and state income tax returns for the Virginia Acquisitions for the time period from August 1, 2014, through the present, together with all supporting schedules and amendments thereto.

11. Any valuations or appraisals of Virginia Acquisitions and/or its assets during the time period from January 1, 2013, through the present.