UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.,** | § | **CASE NO. 15-31594** |
| | § | |
| DEBTOR. | § | (Chapter 7) |
| | § | |

**NOTICE OF RULE 2004 EXAMINATION OF DAVID GORDON WALLACE, JR.
BY CHAPTER 7 TRUSTEE RODNEY D. TOW**

TO: Janet S. Casciato-Northrup
Law Offices of Janet S. Northrup, P.C.
333 Clay St., Suite 2835
Houston, TX 77002
*Counsel for David Gordon Wallace, Jr.*

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of Texas, Rodney D. Tow ("Trustee"), Chapter 7 Trustee for the bankruptcy estate of David Gordon Wallace, Jr., will conduct an examination of David Gordon Wallace Jr., in his capacity as the Debtor and in his capacity as trustee for the Children's Trusts ("Wallace"), concerning the matters set forth on Exhibit A to this Notice. The examination will occur on September 9, 2015 at 10:00 AM (CST) at the **offices of Hughes Watters Askanase, LLP, Three Allen Center, 333 Clay St., 29th Floor, Houston, TX 77002** or at such other date, time, and location that is mutually agreeable to the Trustee and Wallace. The examination will be taken before a court reporter authorized by law to administer oaths and may be videotaped.

PLEASE TAKE FURTHER NOTICE that Wallace is commanded to produce the original or copy of all documents listed and defined on the subpoena duces tecum attached as Exhibit B to this Notice on or before August 24, 2015 to the offices of **Diamond McCarthy LLP, c/o**

**Charles M. Rubio, 909 Fannin St., Suite 1500, Houston, TX 77010**, unless otherwise agreed by the Trustee and Wallace.

Dated: July 22, 2015.

        Respectfully submitted,

        DIAMOND McCARTHY LLP

        By: */s/ Charles M. Rubio*
        Kyung S. Lee
        TBA No. 12128400
        klee@diamondmccarthy.com
        (713) 333-5125
        Charles M. Rubio
        TBA No. 24083768
        crubio@diamondmccarthy.com
        (713) 333-5127
        909 Fannin, Suite 1500
        Houston, Texas  77010
        (713) 333-5100  Telephone
        (713) 333-5195  Facsimile

        ATTORNEYS FOR RODNEY D. TOW,
        CHAPTER 7 TRUSTEE FOR DAVID
        GORDON WALLACE, JR.

### CERTIFICATE OF CONFERENCE

      Pursuant to Local Bankruptcy Rule 2004-1, I certify that, on July 20, 2015, I corresponded with Janet Northrup, counsel for David Gordon Wallace, Jr., to confer regarding the relief requested herein.

        */s/ Charles M. Rubio*
        Charles M. Rubio

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused a true and correct copy of the foregoing Notice to be served via electronic means on (i) all parties who receive ECF notice in this bankruptcy case, and (ii) the following party:

David Gordon Wallace, Jr.
c/o Janet S. Casciato-Northrup
Law Offices of Janet S. Northrup, P.C.
333 Clay St., Suite 2835
Houston, TX 77002
*Counsel for David Gordon Wallace, Jr.*

                                              */s/ Charles M. Rubio*
                                              Charles M. Rubio

## DEFINITIONS

1. The term "Affiliate" has the meaning ascribed to such term in § 101(2) of the Bankruptcy Code.

2. The terms "all," "each" and "any" shall be construed to mean all, each, every, and any.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The term "Bankruptcy Case" means the voluntary chapter 7 case of the Debtor, *In re David Gordon Wallace, Jr.*, Case No. 15-31594, pending before the Court.

5. The term "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended).

6. The term "Children's Trusts" means the Whitney Leigh Wallace 1996 Sub-S Trust and Jacquelyn Marie Wallace 1996 Sub-S Trust for which the Debtor serves as the trustee.

7. The term "Communications" means any transmittal of information, of any kind, without regard to whether such information was transmitted in writing, electronically, visually, or by any other means.

8. The term "Court" means the United States Bankruptcy Court for the Southern District of Texas.

9. The term "Debtor" means David Gordon Wallace, Jr., and any advisors; Affiliates, attorneys; accountants; consultants; employees; representatives; and other Persons acting, or who have acted, on behalf of, or who have acted, on behalf of the foregoing.

10. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

11. The term "including" means including but not limited to.

12. The term "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

13. The terms "regarding", "related to", "relate to", "relating to", "referred to", "refer to", and "referring to" mean having any relationship or connection to, concerning, being

connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

14. The term "Wallace-Bajjali Buy-Sell Agreement" means any documents related to the proposed transaction whereby Debtor sought to buy Costa Bajjali's interests in Wallace Bajjali Development Partners, L.P.

15. The Term "You" or "Your" means the Debtor.

## EXHIBIT A

## EXAMINATION TOPICS

1. Assets and liabilities of the Children's Trusts.

2. Transfer of assets into and out of the Children's Trusts.

3. The financial affairs of the Children's Trusts.

4. Debtor's interests in the various partnerships and limited liability companies listed in the Debtor's Schedules (as amended) and Statement of Financial Affairs.

5. Circumstances and negotiation of the Wallace-Bajjali Buy-Sell Agreement.

6. Debtor's interests in a settlement agreement related to the bankruptcy case of Will Clay Perry (Case No. 08-32362, Bankr. S.D. Tex.) approved by the Bankruptcy Court on or about May 21, 2010.

7. The financial affairs of the Debtor.

## **EXHIBIT B**
### SUBPOENA DUCES TECUM
### INSTRUCTIONS

1. All Documents described that are in Your possession, custody, or control, including Documents, wherever located, within the possession, custody, or control of Your advisors, Affiliates, agents, attorneys, accountants, consultants, employees, representatives, and other persons acting or who have acted on behalf of the foregoing, dated from **January 1, 2005** to the present, shall be produced as directed herein.

2. Any Document requested herein that is not in Your immediate physical possession, but which You have a right to obtain from a third person or otherwise subject to Your control, shall be obtained and produced as directed.

3. The selection of Documents from files and other sources shall be performed in such a manner as to insure that the file or the source from which a Document is obtained may be identified.

4. Produce electronically stored information in native file format, with all metadata intact.

5. Documents attached to other Documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

6. All Documents produced in response to this request shall be produced en toto notwithstanding the fact that portions thereof may contain information not requested, and shall include interim and drafts as well as final editions of the Document, and shall include all additions or copies of a Document which are not identical to (whether due to handwritten notation, or revisions, or otherwise) the original or other produced copy of the Document.

7. If any Documents requested herein are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), each such Document is to be identified by stating: (a) the identity of each person who prepared and/or signed the Document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the Document; (d) the date of the Document; (e) the subject matter of the Document; (f) the type of Document; and (g) the basis for withholding the Document.

8. If any Document requested herein contains both privileged and non-privileged material, the non- privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Documents.

9. In the event that any Document requested herein has been destroyed or discarded, that Document is to be identified by stating: (a) the Document's date, subject matter, number of pages, and attachments or appendices; (b) all persons to whom the Document was distributed, shown, or explained; (c) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (d) the persons who authorized and carried out such destruction or discard; and (e) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

10. Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or Document comparisons, in addition to the Document itself. Each Document is to be produced in its entirety, without abbreviation or expurgation.

## DOCUMENTS TO BE PRODUCED

1. All tax returns and financial statements for the Children's Trusts.

2. All documents evidencing a transfer of assets into or out of the Children's Trusts.

3. All documents of title for any assets owned by the Children's Trusts.

4. All account statements from January 1, 2015 to present for any bank account for the Children's Trusts.

5. Partnership/company agreements for each of Group Care Hospice; Oprex Surgery Baytown; Lumiere Billing and Management Beaumont; Physician Select Vitamins; Clarus Billing and Management (Beaumont); Oprex Surgery Beaumont, LP; True View Sleep Center, LP; True View Surgery Center One, LP; Group Care Medical Services, LP; Zerenity Beaumont, LP.

6. Company agreement for Virginia Acquisitions, LLC.

7. Company agreement for Sugarland Sports Management, LLC.

8. Company agreement for Waco Town Square Management, LLC.

9. By-laws and any shareholder agreements for MSW Equities II, Inc.

10. Any shareholder agreements for ZT Acquisitions, Inc.

11. All documents reflecting the indebtedness of (i) Sugar Land Entertainment Enterprises, LP, (ii) Rink Operations Management LLC, (iii) Sugar Land Sports Management LLC, and (iv) Sugar Land Rink Lenders LLC.

12. All documents related to the Wallace-Bajjali Buy-Sell Agreement.

13. All documents reflecting the transfer of $10,000.00 to Simon Hughes in connection with the Wallace-Bajjali Buy-Sell Agreement.

14. The financial affidavit, dated April 30, 2011, of David G. Wallace, Jr. presented in the action styled *SEC v. Kaleta, et al.*, Case No. 4:09-cv-3674 (S.D. Tex. 2009) referenced with bates numbers DW000001 to DW000470.