UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **DAVID GORDON WALLACE, JR.** | § | Chapter 7 Case 15-31594 |
| *Debtor* | § | |
| | § | |

# BRYAN STANLEY'S EMERGENCY MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO DISCHARGEABILITY AND DISCHARGE OF THE DEBTOR PURSUANT TO 11 U.S.C. §§ 523 AND 727 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 4004(b) AND 4007(c)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Bryan Stanley ("Stanley"), a creditor and party-in-interest in this case and files this motion pursuant to 11 U.S.C. §§ 523 and 727 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"), and Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), for the entry of an order extending the deadline to object dischargeability and discharge of the Debtor (the "Motion") and for cause would show the Court as follows:

## BACKGROUND

1. On March 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. After the Petition Date, the United States Trustee (the "UST") appointed the Rodney Tow as Trustee to serve as the duly qualified and acting Chapter 7 trustee of the Debtor's estate ("Trustee").

2. On June 16, 2015, the Court granted Stanley's Motion to Extend time to object to discharge of his debt and set the date for Stanley to be August 21, 2015 ("First Extension" at Docket #79).

3. Subsequent to the entry of the First Extension, the Rule 2004 examination has been scheduled for the Debtor and this Court has now been asked by several parties in interest to extend the time once again to allow for the completion of the examination of the Debtor.

## RELIEF REQUESTED

4. Pursuant to Bankruptcy Rules 4004(b) and 4007(c), Stanley requests that this Court extend the Discharge Objection Deadline to the same date that was provided under the Trustee's Order, including September 30, 2015.

## BASIS FOR RELIEF

5. As the Trustee indicated, he continues to evaluate the financial affairs of the Debtor, including investigating the Debtor's connections with a certain trust established for the Debtor's children. It is not judicially efficient for Stanley to duplicate the Trustee's investigation relating to such matters, which are in the primary purview of the Trustee.

6. Additionally, the Trustee has indicated that several parties in interest, including the BizRadio Noteholders, have made allegations that the Debtor committed fraud. Apparently the Trustee and his counsel are conferring with certain stakeholders in the bankruptcy case to gather additional background information about the Debtor that is not apparent from reviewing the Debtor's Schedules and SOFA.

7. In the event that the Trustee elects not to file an objection to the discharge, Stanley pleads that it would be prejudicial to him and other parties similarly suited to prevent them from pursuing relief and the prior order extending deadlines may be challenged under law. Further, additional investigation by the Trustee, Stanley and other parties may reveal facts that would render a dischargeability complaint redundant.

8. Stanley loaned $1.6 Million to the Debtor and his business enterprise based on representations and non disclosures that have since been revealed to be suspect[1]. Further, the Stanley loan was renewed based on representations that now appear to be untrue. Stanley continues to assemble facts and documents that may support a challenge to the discharge of his particular claim in this case.

9. Based on the foregoing, Stanley contends that cause exists to extend the deadline to object to dischargeability and discharge. Stanley respectfully requests that this Court enter an order extending the time for him to object to dischargeability and discharge pursuant to §§ 523 and 727 of the Bankruptcy Code through August 21, 2015.

**WHEREFORE,** Stanley respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto, extending the time to object to discharge or dischargeability pursuant to §§ 523 and 727 of the Bankruptcy Code, and granting such other and further relief as is just and proper.

---

[1] The loan was in the name of WB Real Estate Holdings, LLC and personally guaranteed by Wallace.

Dated:  August 13, 2015.

                          LAW OFFICE OF PETER JOHNSON

                          */s/ Peter Johnson*

By: _____
      Peter Johnson
      State Bar No. 10778400
      Eleven Greenway Plaza, Suite 2820
      Houston, Texas  77046
      pjohnson@pjlaw.com
      Telephone (713) 961-1200
      Facsimile (713)  961-0941
      ATTORNEY FOR BYRON STANLEY

## EMERGENCY

The deadlines imposed by the Scheduling Order require action by Movant on or before August 21, 2015.  Unless relief is granted before such date, the deadline to file objections may have expired.  Therefore a procedural emergency exists on this matter.

*/s/ Peter Johnson*

_____
PETER JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties entitled to notice on the attached service listing  by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on August 13, 2015.

*/s/ Peter Johnson*

_____
PETER JOHNSON

David W Anderson on behalf of Interested Party NSJS Limited Partnership
dwanderson@ralaw.net, dwanderson@swbell.net

Janet S Casciato-Northrup on behalf of Debtor David Gordon Wallace, Jr.
tsimpson@hwa.com

Jeffrey R Cox on behalf of Creditor Community Bank & Trust, Waco, Texas
jcox@slmpc.com

Hector Duran on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Michael J Durrschmidt on behalf of Creditor T. R. Dunn Family Trust
mdurrschmidt@hirschwest.com, bhowell@hirschwest.com;lnguyen@hirschwest.com

Joseph G Epstein on behalf of Creditor Thomas L. Taylor
jepstein@winstead.com, pschneller@winstead.com;deierdam@winstead.com

Nancy Lynne Holley on behalf of U.S. Trustee US Trustee
nancy.holley@usdoj.gov

Patrick L Hughes on behalf of Creditor Stonehenge Companies LLC
hughesp@haynesboone.com

Peter Johnson on behalf of Creditor Bryan Stanley
pjohnson@pjlaw.com, msawyer@pjlaw.com

Wayne Kitchens on behalf of Debtor David Gordon Wallace, Jr.
jwk@hwallp.com, scastillo@hwa.com

Robert G Miller on behalf of Creditor Brian Stanley
rmiller@ofmklaw.com

Charles M. Rubio on behalf of Trustee Rodney D Tow
crubio@diamondmccarthy.com, lsimon@diamondmccarthy.com

L David Smith on behalf of Creditor Frost Bank
smith@csrslaw.com

Stephanie Stigant on behalf of Creditor LoweryBank, a division of Huntington State Bank
litigation@jonesattorneys.com

Rodney D Tow
RT@trustesolutions.net;jwarren@rtowtrustee.com;rodneytow@outlook.com;RT@trustesolutions.com

Rodney D Tow on behalf of Trustee Rodney D Tow
RT@trustesolutions.net;jwarren@rtowtrustee.com;rodneytow@outlook.com;RT@trustesolutions.com

Preston T Towber on behalf of Creditor Certain Noteholders/Investors
preston@towberlaw.com