UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| DAVID GORDON WALLACE, JR., | § § | CASE NO. 15-31594 |
| DEBTOR. | § § § | (CHAPTER 7) |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER TO COMPEL
VIRGINIA ACQUISITIONS, LLC AND BILL EWING TO PRODUCE
DOCUMENTS AND FOR CONTEMPT SANCTIONS**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. YOU MUST FILE AND SERVE YOUR RESPONSE BY THE HEARING TIME AND DATE. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION, YOU MUST ATTEND THE HEARING. THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

A HEARING ON THIS MOTION IS SCHEDULED FOR FRIDAY, AUGUST 28, 2015 AT 10:00 A.M. (CT) IN COURTROOM 600, 6TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JEFF BOHM:

Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") appointed in the Chapter 7 case of David Gordon Wallace, Jr. (the "Debtor"), files this motion (the "Motion") for entry of an order to compel Virginia Acquisitions, LLC ("Virginia Acquisitions") and Bill Ewing to produce documents and for contempt sanctions. In support of the Motion, the Trustee respectfully represents that:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105(a) of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and Rules 2004, 9016 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. On March 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

3. After the Petition Date, the United States Trustee (the "UST") appointed the Trustee to serve as the duly-qualified and acting Chapter 7 trustee of the Debtor's estate.

4. On April 7, 2015, the Debtor filed his Schedules of Assets and Liabilities (as amended, the "Schedules") and Statement of Financial Affairs (the "SOFA") [together, Docket No. 20]. On the Schedules, the Debtor reported an ownership interest Virginia Acquisitions. Schedules, p. 11.

5. The Trustee made informal discovery requests on the Debtor including requests to produce the governance documents of Virginia Acquisitions. In response, the Debtor emailed Mr. Bill Ewing on June 16, 2015 and stated in relevant part:

> In connection with the Bankruptcy, my Trustee has requested that I reach out to certain folks and request assistance in securing certain documents so that they can better understand what is or is not an asset of the estate. To that end, they have requested that I reach out to you (before they go through the expense of a subpoena) and request that you send my lawyers (copied on this e-mail) copies of organizational and ownership documents, pledge agreements, loans, guarantees, financial statements, tax returns, etc. for the various entities in which I (or the Trusts) were involved.

Email from David Wallace to Bill Ewing on June 16, 2015.

6. On July 1, 2015, the Trustee filed a Notice of Rule 2004 Examination of Virginia Acquisitions, LLC [Docket No. 95] (the "<u>2004 Examination Notice</u>").  Pursuant to the 2004 Examination Notice, the Trustee requested production of, among other things:

> All in-effect bylaws, operating agreements, articles of incorporation or organization, and other documents relating to the formation, ownership, operation and governance of Virginia Acquisitions, and any amendments thereto.

2004 Examination, Exhibit A, Request 2.

7. On July 23, 2015, Richard Walters of the law firm Spencer Fane, counsel for Virginia Acquisitions, emailed counsel for the Trustee to notify the Trustee that he had conducted a search of his records pursuant to 2004 Examination Notice and located the following documents responsive to the requests:

- Articles of Organization – Virginia Acquisitions, LLC (signed and filed with the Missouri Secretary of State).
- Operating Agreement - Virginia Acquisitions, LLC (signed by the members).
- Employer Identification Number issued by the Internal Revenue Service.
- Real Estate Purchase Agreement between Virginia Acquisitions, LLC, as Seller, and the Trustee of the Cynthia D. Neal Trust, as Buyer (draft form only).
- E-mail from Bruce Anderson to our Firm requesting the formation of Virginia Acquisitions, LLC.

8. The Trustee did not receive any responses by the July 31, 2015 deadline set forth in the 2004 Examination Notice.

9. On August 14, 2015, the Court conducted a conference on the status of discovery requests made by the Trustee on parties in interest in the bankruptcy case.  Among other things, the Trustee, through counsel, reported on the attempts to get a copy of the company agreement for Virginia Acquisitions.

10. On August 17, 2015, counsel for the Trustee emailed Richard Walters to apprise him of the status conference and to notify him that the Court indicated at the status conference that the Court would be entering an order to compel the production of the company agreement for Virginia Acquisitions.

11. On August 19, 2015, the Court entered an order [Docket No. 119] (the "<u>Turn Over Order</u>") requiring Bill Ewing, a 50% owner of Virginia Acquisitions, to turn over the company agreement for Virginia Acquisitions to the Trustee by August 20, 2015 at 9:00 a.m. (CT).

12. On August 20, 2015 at 12:49 a.m. (CT), counsel for the Trustee emailed a copy of the Turn Over Order to Bill Ewing at bill_ewingjr@ewingcc.com.

13. As of the date hereof, the Trustee has not received a copy of the company agreement for Virginia Acquisitions or responses to the 2004 Examination Notice.

## RELIEF REQUESTED

14. The Trustee requests entry of an order in the form attached hereto, compelling Virginia Acquisitions and Bill Ewing to produce a copy of the company agreement for Virginia Acquisitions and responses to the 2004 Examination Notice and imposing sanctions for attorneys' fees incurred in connection with the preparation and prosecution of the Motion, and daily, coercive monetary sanctions upon Virginia Acquisitions and Bill Ewing for any continued noncompliance with the Turn Over Order and the 2004 Examination Notice.

## BASIS FOR RELIEF

15. "A movant seeking sanctions for contempt must establish by clear and convincing evidence that 1) there was an order in effect, 2) the order required specific conduct by the respondent, and 3) the respondent failed to comply with the court order." *In re Brown*, 511 B.R.

843, 849 (Bankr. S.D. Tex. June 18, 2014) (internal quotation marks omitted). Here, each of these requisite facts exists.

16. First, the 2004 Examination Notice was filed on July 1, 2015. As of the date hereof, no objection or response was filed in response to the 2004 Examination Notice. Pursuant to the Local Bankruptcy Rules for the Southern District of Texas, if no response is served, the notice to conduct an examination under the Local Bankruptcy Rules is deemed ordered, without requiring the entry of an order. BLR 2004-1. Accordingly, the 2004 Examination Notice constitutes an order in effect. Furthermore, on August 19, 2015, the Court entered Turn Over Order. The Turn Over Order is an order in effect. Second, the 2004 Examination Notice and the Turn Over Order required specific conduct by Virginia Acquisitions and Bill Ewing, respectively. Third, neither Virginia Acquisitions nor Bill Ewing have complied with the 2004 Examination Notice or the Turn Over Order.

17. "The authority to impose sanctions for contempt of an order is an inherent and well-settled power of all federal courts—including bankruptcy courts." *In re Brown*, 511 B.R. at 848 (citing cases). The Court also has the power, under § 105(a) of the Bankruptcy Code, to issue sanctions under its civil contempt power or pursuant to its equitable powers. *In re Sanchez*, 372 B.R. 289, 310 (Bankr. S.D. Tex. 2007); *Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.),* 108 F.3d 609, 613 (5th Cir. 1997) ("The language of [§ 105 of the Bankruptcy Code] is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code.")

18. In determining the appropriate civil contempt sanction, the Court should consider: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the

financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Financial Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (citing *U.S. v. United Mine Workers*, 330 U.S. 258 (1947)).

19. A court may properly impose a prospective per diem sanction in order to coerce compliance with its orders. *See id.* Further, a court may assess attorneys' fees as a sanction for disobedience of a court order. *In re Ortiz*, 2006 WL 2946500, at *12 (Bankr. S.D. Tex. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)) (internal quotation marks omitted). The award of attorneys' fees is entirely permissible in a civil contempt proceeding, as attorneys' fees are clearly compensatory to the injured party. *Schermerhorn v. Centurytel, Inc. (In re SkyPort Global Commc'ns., Inc.)*, 2013 WL 4046397, at *82 (Bankr. S.D. Tex. 2013). Here, the Trustee specifically requests that the Court order Virginia Acquisitions and Bill Ewing to reimburse the Trustee for all legal fees and expenses associated with the preparation and prosecution of the Motion.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto and provide such other relief that is just and proper.

Dated: August 24, 2015.

                                       Respectfully submitted,

                                       DIAMOND McCARTHY LLP

                                       By: */s/ Charles M. Rubio*
                                       Kyung S. Lee
                                       TBA No. 12128400
                                       klee@diamondmccarthy.com
                                       (713) 333-5125
                                       Charles M. Rubio
                                       TBA No. 24083768
                                       crubio@diamondmccarthy.com
                                       (713) 333-5127
                                       909 Fannin, Suite 1500
                                       Houston, Texas  77010
                                       (713) 333-5100  Telephone
                                       (713) 333-5195  Facsimile

                                       COUNSEL TO RODNEY D.
                                       TOW, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing Motion to be served (i) via electronic means on all parties who receive ECF notice in this bankruptcy case, (ii) by electronic mail on counsel for Virginia Acquisitions at the email address listed below and on Bill Ewing at the email address listed below.

    Spencer Fane Britt & Browne LLP
    Richard E. Walters (rwalters@spencerfane.com)
    2144 E. Republic Road, Suite B300
    Springfield, MO 65804
    *Counsel for Virginia Acquisitions, LLC*

    Bill Ewing (bill_ewingjr@ewingcc.com)

                                                           */s/ Charles M. Rubio*

# **PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| **DAVID GORDON WALLACE, JR.,** § | **CASE NO. 15-31594** |
| § | |
| DEBTOR. § | (CHAPTER 7) |
| § | |

### ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO COMPEL VIRGINIA ACQUISITIONS, LLC AND BILL EWING TO PRODUCE DOCUMENTS AND FOR CONTEMPT SANCTIONS

UPON CONSIDERATION of the Chapter 7 Trustee's Motion to Compel Virginia Acquisitions, LLC and Bill Ewing to Produce Documents and For Contempt Sanctions (the "Motion")[1] filed by Rodney D. Tow (the "Trustee"), Chapter 7 trustee for David Gordon Wallace, Jr. (the "Debtor"); and it appearing to the Court that good and sufficient notice of the Motion and hearing on the Motion have been given and no further notice is required; and it appearing that the Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that the relief requested in the Motion is in the best interest of the Chapter 7 estate, its creditors and other parties-in-interest; and after due consideration of the Motion and objections thereto, if any, and the record at the hearing on the Motion, if so held:   IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All objections to the Motion, if any, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

2. Virginia Acquisitions and Bill Ewing shall produce the responses to the 2004 Examination Notice and the Turn Over Order to the offices of Diamond McCarthy LLP, c/o Charles M. Rubio, 909 Fannin St., Suite 1500, Houston, TX 77010 immediately.

3. For each day after the date of issuance of this Order that Virginia Acquisitions and Bill Ewing fail to produce the responses to the 2004 Examination Notice and the Turn Over Order, Virginia Acquisitions and Bill Ewing shall each be jointly and severally liable for per diem sanctions in the amount of $_____.__ per day and shall pay such amount into the registry of the Court.

4. Virginia Acquisitions and Bill Ewing are ordered to reimburse the Trustee for all legal fees and expenses associated with the preparation and prosecution of the Motion in the amount of $_____.__ within ten (10) days of the entry of this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SIGNED this ___ day of _____, 2015.

**Jeff Bohm**
**U.S. Bankruptcy Judge**