**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.,** | § | **CASE NO. 15-31594** |
| | § | |
| DEBTOR. | § | (CHAPTER 7) |
| | § | |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER TO COMPEL**
**TASEER A. BADAR TO PRODUCE DOCUMENTS AND FOR**
**CONTEMPT SANCTIONS**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. YOU MUST FILE AND SERVE YOUR RESPONSE BY THE HEARING TIME AND DATE. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION, YOU MUST ATTEND THE HEARING. THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

A HEARING ON THIS MOTION IS SCHEDULED FOR FRIDAY, AUGUST 28, 2015 AT 10:00 A.M. (CT) IN COURTROOM 600, 6TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JEFF BOHM:

Rodney D. Tow, the Chapter 7 Trustee (the "Trustee") appointed in the Chapter 7 case of David Gordon Wallace, Jr. (the "Debtor"), files this motion (the "Motion") for entry of an order to compel Taseer A. Badar to produce documents and for contempt sanctions. In support of the Motion, the Trustee respectfully represents that:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are §§ 105(a) of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and Rules 9016 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2.     On March 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

3.     After the Petition Date, the United States Trustee (the "UST") appointed the Trustee to serve as the duly-qualified and acting Chapter 7 trustee of the Debtor's estate.

4.     On April 7, 2015, the Debtor filed his Schedules of Assets and Liabilities (as amended, the "Schedules") and Statement of Financial Affairs (the "SOFA") [together, Docket No. 20]. On the Schedules, the Debtor reported ownership interests in the following entities (collectively, the "Specified Entities"):

- Group Care Hospice;
- Oprex Surgery Baytown;
- Lumiere Billing and Management Beaumont;
- Physician Select Vitamins;
- Clarus Billing and Management (Beaumont);
- Oprex Surgery Beaumont, LP;
- True View Sleep Center, LP;
- True View Surgery Center One, LP;
- Group Care Medical Services, LP;
- Zerenity Beaumont, LP

Schedules, pp. 11 - 13.

5.     The Trustee made informal discovery requests on the Debtor including requests to produce the governance documents for the Specified Entities. In response, the Debtor emailed Taseer A. Badar and his counsel, Anwar -i- Qadeer, on June 16, 2015 and stated in relevant part:

> In connection with the Bankruptcy, my Trustee has requested that I reach out to certain folks and request assistance in securing certain documents so that they can better understand what is or is not an asset of the estate. To that end, they have requested that I reach out

2

> to you (before they go through the expense of a subpoena) and request that you send my lawyers (copied on this e-mail) copies of organizational and ownership documents, pledge agreements, loans, guarantees, financial statements, tax returns, etc. for the various entities in which I (or the Trusts) were involved.

Email from David Wallace to Taseer A. Badar on June 16, 2015.

6. On August 14, 2015, the Court conducted a conference on the status of discovery requests made by the Trustee on parties in interest in the bankruptcy case. Among other things, the Trustee, through counsel, reported on the status to collect the governance documents for the Specified Entities.

7. After the status conference on August 14, 2015, counsel for the Trustee emailed Tom Schmidt, counsel for certain affiliates of Taseer A. Badar in this bankruptcy case, to apprise him of the status conference and to notify him that the Court indicated at the status conference that the Court would be entering an order to compel Taseer A. Badar to produce the company agreements/partnership agreements for the Specified Entities.

8. On August 19, 2015, the Court entered an order [Docket No. 120] (the "Turn Over Order") requiring Taseer A. Badar, to turn over the company agreements/partnership agreements for the Specified Entities to the Trustee by August 20, 2015 at 9:00 a.m. (CT).

9. Since the entry of the Turn Over Order, Tom Schmidt, on behalf of Taseer A. Badar, has produced dozens of documents related to affiliates of the Specified Entities. However, as of the date hereof, the Trustee has not received a copy of the company agreements/partnership agreements for the Specified Entities.

**RELIEF REQUESTED**

10. The Trustee requests entry of an order in the form attached hereto, compelling Taseer A. Badar to produce a copy of the company agreements/partnership agreements for the Specified Entities and imposing sanctions as the Court may deem just and proper.

**BASIS FOR RELIEF**

11. "A movant seeking sanctions for contempt must establish by clear and convincing evidence that 1) there was an order in effect, 2) the order required specific conduct by the respondent, and 3) the respondent failed to comply with the court order." *In re Brown*, 511 B.R. 843, 849 (Bankr. S.D. Tex. June 18, 2014) (internal quotation marks omitted). Here, each of these requisite facts exists.

12. First, on August 19, 2015, the Court entered Turn Over Order. The Turn Over Order is an order in effect. Second, the Turn Over Order required specific conduct by Taseer A. Badar. Third, as of the date hereof, Taseer A. Badar has not produced the company agreements/partnership agreements for the Specified Entities.

13. "The authority to impose sanctions for contempt of an order is an inherent and well-settled power of all federal courts—including bankruptcy courts." *In re Brown*, 511 B.R. at 848 (citing cases). The Court also has the power, under § 105(a) of the Bankruptcy Code, to issue sanctions under its civil contempt power or pursuant to its equitable powers. *In re Sanchez*, 372 B.R. 289, 310 (Bankr. S.D. Tex. 2007); *Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.),* 108 F.3d 609, 613 (5th Cir. 1997) ("The language of [§ 105 of the Bankruptcy Code] is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code.")

14. In determining the appropriate civil contempt sanction, the Court should consider: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Financial Corp. v.*

*Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (citing *U.S. v. United Mine Workers*, 330 U.S. 258 (1947)).

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto and provide such other relief that is just and proper.

Dated: August 24, 2015.

>Respectfully submitted,
>
>DIAMOND McCARTHY LLP
>
>By: */s/ Charles M. Rubio*
>Kyung S. Lee
>TBA No. 12128400
>klee@diamondmccarthy.com
>(713) 333-5125
>Charles M. Rubio
>TBA No. 24083768
>crubio@diamondmccarthy.com
>(713) 333-5127
>909 Fannin, Suite 1500
>Houston, Texas  77010
>(713) 333-5100  Telephone
>(713) 333-5195  Facsimile
>
>COUNSEL TO RODNEY D. TOW, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing Motion to be served (i) via electronic means on all parties who receive ECF notice in this bankruptcy case, (ii) by electronic mail on to the email addresses listed below.

Tom Schmidt (tom@ctschmidt.com)
Taseer A. Badar (taseer@ztwealth.com)
Anwar-i-Qadeer (qadeer@qadeerlaw.com)

>*/s/ Charles M. Rubio*

5

# **PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| **DAVID GORDON WALLACE, JR.,** § | **CASE NO. 15-31594** |
| § | |
| DEBTOR. § | **(CHAPTER 7)** |
| § | |

ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO COMPEL
TASEER A. BADAR TO PRODUCE DOCUMENTS AND FOR
CONTEMPT SANCTIONS

UPON CONSIDERATION of the Chapter 7 Trustee's Motion to Compel Taseer A. Badar to Produce Documents and For Contempt Sanctions (the "Motion")[1] filed by Rodney D. Tow (the "Trustee"), Chapter 7 trustee for David Gordon Wallace, Jr. (the "Debtor"); and it appearing to the Court that good and sufficient notice of the Motion and hearing on the Motion have been given and no further notice is required; and it appearing that the Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that the relief requested in the Motion is in the best interest of the Chapter 7 estate, its creditors and other parties-in-interest; and after due consideration of the Motion and objections thereto, if any, and the record at the hearing on the Motion, if so held:  IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All objections to the Motion, if any, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

2. Taseer A. Badar shall produce the company agreements/partnership agreements for the Specified Entities to the offices of Diamond McCarthy LLP, c/o Charles M. Rubio, 909 Fannin St., Suite 1500, Houston, TX 77010 immediately.

3. For each day after the date of issuance of this Order that Taseer A. Badar fails to produce the responses to the 2004 Examination Notice and the Turn Over Order, Taseer A. Badar shall be liable for per diem sanctions in the amount of $_____.__ per day and shall pay such amount into the registry of the Court.

4. Virginia Acquisitions and Bill Ewing are ordered to reimburse the Trustee for all legal fees and expenses associated with the preparation and prosecution of the Motion in the amount of $_____.__ within ten (10) days of the entry of this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SIGNED this ___ day of _____, 2015.

**Jeff Bohm**
**U.S. Bankruptcy Judge**