UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re § | |
| **DAVID G. WALLACE, JR.** § | Case No. 15-31594-H4-7 |
| Debtor § | |
| § | |
| § | Chapter 7 |
| **RONALD ELLISOR,** *et al* § | |
| **Plaintiffs** § | |
| § | Adversary No. 15-03241 |
| v. § | |
| § | |
| **DAVID G. WALLACE, JR.** § | |
| **Defendant** § | |

<u>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT EXEMPTING DEBTS FROM DISCHARGE UNDER 11
U.S.C. SECTION 523**</u>

TO THE HON. JEFF BOHM, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Come now, Ronald & Lavonne Ellisor, Richard J. Kadlick, Ramesh and Sailaja Konduri, Robert P. Ficks, Larry & Vanita Mullins, Kohur Subramanian, Timothy B. Koehl, Martin Grosboll, Douglas & Kay Shaffer, Phillip R. & Alisa K. Jones, Allison Cameron, M. Brannon & Michele Kuykendall, Kevin J. Deering, Johnny & Betty Gauntt, Marcus Erickson, Kurt Everson, George & Marene Tompkins, Tompkins 2007 Family Partnership, Richard Burkhardt, James & Patricia Stewart, Robert L. Horlander, Jr. & Brenda K. Horlander, Individually and as Members of Horlander, LLC, Donald L. & Martha M. Keil, Gerald Crouch, Individually and as General Partner of Post Oak Family, L.P., Paul E. & Simona Williams, Stephen C. Cook, Florence Reiley, Carlos Borbero, Raymond L. Warner, Hal Tompkins, Joseph Miller, Individually & d/b/a Nada Por Nada, Ltd., Ellis V. Couch, Sean F. Reed, Anita Chandler, and John Willis, Executor of the Estate of Geraldine Willis, George Lingenfelder, Gary Seever, Dr. Lawrence Root, Fred Shuffler, Robert Resch, Sanjiv & Renu Khanna, Don & Donna Barrett, Ed & Helen Gray, and Barbara Doreen

House and ZT Perry Fund, L.P. (hereinafter, "Plaintiffs") in the above-styled and numbered cause, and file this Response to Defendant's Motion to Dismiss (Doc. 7) ("Motion to Dismiss") Plaintiff's Complaint Exempting Debts from Discharge under 11 U.S.C. Section 523 and would show unto the Court as follows:

## SUMMARY OF ARGUMENT

1. On September 30, 2015, Plaintiffs filed their Complaint Excepting Debts from Discharge Under 11 U.S.C. 523 (Doc. 152) ("Complaint"). The Complaint seeks to except the debts owed to Plaintiffs by Defendant from discharge because they were incurred by fraud—Plaintiffs allege that 1) Defendant made representations; 2) that Defendant knew these representations were false; 3) that the representations were made with the intent to deceive Plaintiffs; 4) that the Plaintiffs actually and justifiably relied on the representations; and 5) the Plaintiffs sustained a loss as a result of their reliance. Plaintiffs have included sufficient factual allegations as to each element in their Complaint.

2. Defendant's Motion to Dismiss focuses on Rule 9(b)'s pleading requirements. Defendant bases his Motion to Dismiss on two primary arguments: 1) Defendant argues that "[a]llegations of fraud based on information and belief are improper,"[1] and 2) Defendant argues that "Plaintiffs fail to plead facts showing how each of the Plaintiffs was specifically harmed by the Debtor."[2] However, Plaintiffs do not make any of their allegations on "information and belief" or mere suspicion. Also, Plaintiffs' allegations indeed state what representations were made to *each group* of Plaintiffs and how these representations damaged the Plaintiffs. More importantly, Fed.R.Civ.P. 9(b) requires only that Plaintiffs identify the fraudulent statement, the speaker, the

---

[1] Doc. 7, Motion to Dismiss, para. 34.
[2] *Id.* at para. 37.

time and place in which the statement was made, and state why the statement was fraudulent. Plaintiffs have done so.

3. Plaintiffs ask that this Court deny Defendant's Motion to Dismiss. In the alternative, if this Court is of the opinion that Plaintiffs' Complaint has failed to state a claim or that certain claims should be dismissed, Plaintiffs ask the Court to grant Plaintiffs leave to amend their Complaint.

## STANDARD OF REVIEW

4. Defendant files his Motion to Dismiss under Fed. R. Bankr. P. 7012, which incorporates Fed. R. Civ. P. 12(b)(6). Motions under Rule 12(b)(6) are reviewed by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[3] Plaintiffs can avoid dismissal for failure to state a claim by meeting Fed. R. Civ. P. 8(a)(2)'s pleading requirements. Federal Rule of Civil Procedure 8(a)(2), made applicable to this proceeding by Bankruptcy Rule 7008, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."[4] The ultimate question in a Rule 12(b)(6) motion is whether the factual allegations "raise a right to relief above the speculative level … *on the assumption that all the allegations in the complaint are true (even if doubtful in fact)*."[5] "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff

---

[3] *Stokes v. Gann,* 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).
[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[5] *Id*. [emphasis added] (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (citing *Twombly*, 550 U.S. at 556).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

5. In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."[8] "Only a complaint that states a plausible claim for relief survives a motion to dismiss."[9]

6. However, a "complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level."[10]

7. In addition to the requirements of Rule 8, fraud claims must meet Fed. R. Civ. P. 9(b)'s heightened pleading requirements. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud. Complaints will be dismissed where there is a failure to describe with particularity the details of fraud claims such that the Defendant cannot tell what she is alleged to have done wrong or the amount of damages sought against her.[11]

## ARGUMENT & AUTHORITY

8. Defendant's arguments regarding the particularity of Plaintiffs' fraud allegations are misguided. Plaintiffs' allegations regarding the speaker and the statements made are seemingly uncontested. However, Defendant insists that Plaintiffs have not adequately alleged the time and location of the misrepresentations alleged and that they have not adequately alleged to whom

---

[7] *Id.*
[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Rule 8(a)(2)).
[9] *Id.*
[10] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009).
[11] Fed.R.Civ.P. 9(b). *See Oppenheimer v. Prudential Sec. Inc.,* 94 F.3d 189, 195 (5th Cir.1996) (upholding district court's dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages); *Red Rock v. JAFCO Ltd.,* 1996 WL 97549, at *3 (5th Cir.1996) (holding that the plaintiff's allegations did not satisfy Rule 9(b) where they failed to allege the time, place, or content of any misrepresentations).

which statements were made—this is the crux of Defendant's Motion to Dismiss. As set forth below, Plaintiffs' allegations are sufficient to comport with the requirements of Rule 9(b).

9. Defendant also argues that Plaintiffs' claims under Sections 523(a)(2)(A), (a)(4), and (a)(19) should be dismissed because they do not meet the pleading requirements of Rule 9(b).

10. Plaintiffs ask that this Court deny Defendant's Motion to Dismiss—in the alternative, Plaintiffs ask that this Court permit them to amend their Complaint.

### I.  Rule 9(b)'s Particularity Requirement

11. Rule 9(b)'s particularity requirement is to be understood in conjunction with Rule 8(a)'s "short and plain statement" notice-pleading requirement.[12] "Consequently, the who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to the general public."[13] Rather, the federal pleader alleging fraud "need only set forth the basic outline of the scheme, who made what representation and the general time and place of such misrepresentations," in order to adequately alert the defendant of the purported fraud he is defending against.[14]

12. Courts have similarly recognized that requiring specific citation to each instance of fraudulent conduct is impractical where the violative conduct is repeated frequently over a lengthy period of time.[15] Given the facts of the case at hand, where a small group of co-conspirators engaged in a course of action involving multiple false affirmative representations, multiple failures to disclose material information, and defalcation in the management of the businesses over a

---

[12] *In re Jacobs,* 403 BR 565. 573 (N.D Illinois 2009).
[13] *Id.*
[14] *Id.* quoting *Caliber Partners, Ltd. v. Affeld,* 583 F.Supp. 1308, 1311 (N.D.Ill. 1984).
[15] *See United States ex rel. Franklin v. Parke-Davis, Div. of WarnerLambert Co.*, 147 F. Supp. 2d 39, 49 (D. Mass. 2001) (where allegations are "complex and far-reaching, pleading every instance of fraud would be extremely ungainly, if not impossible"); *In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318, 333 (D. Conn. 2004) ("[W]here the alleged fraudulent scheme involved numerous transactions that occurred over a long period of time, courts have found it impractical to require the plaintiff to plead the specifics with respect to each and every instance of fraudulent conduct.").

number of years, and caused sixty investors to lose their money, it would be "ungainly" and "impractical" to delineate each statement to each Plaintiff each time it was made (or not made).[16] Plaintiffs have described the specific misrepresentations and failures to disclose and breaches of fiduciary duty with specificity. The Complaint, as drafted, gives the Debtor adequate notice of the claims asserted against him sufficient to allow him to prepare an adequate defense.

### a) Who

13. Plaintiffs' Complaint clearly alleges the "who" by describing Defendant's involvement with various real estate investment funds.[17] More particularly, Plaintiffs allege that "Wallace reviewed and approved a private-placement memorandum ("PPM") containing information for investors about the WBIF II securities offerings. In the offering, Wallace and Bajjali distributed the PPM to investors personally…"[18] Defendant and his involvement are clearly identified in Plaintiffs' allegations. Moreover, Defendant does not complain about a lack of particularity regarding this aspect of Rule 9(b). The "who" has been undisputedly identified.

### b) What

14. Similarly, Defendant does not dispute the "what" aspect of Plaintiffs' fraud allegations. Plaintiffs clearly delineate each representation and failure to disclose made by Defendant to each group of Plaintiffs.[19]

### c) When

---

[16] *Id.*
[17] Doc. 152, Complaint, para. 50.
[18] *Id.* at para. 61.
[19] *See* Doc. 152, Complaint, para. 65-67 ("Wallace made the following representations to the WBL Partnership Plaintiffs and the WBL Note Plaintiffs: a. That the WBIF II Fund would invest no more than 33% of its capital in any one investment; b. That the LFW Fund would invest no more than 20% of its capital in any one investment..." "Wallace made the following representations to all Plaintiffs: a. That Daniel Frishberg was a financial advisor who achieved positive returns for his clients….g. That KCM made loans to multiple companies in multiple industries to achieve diversification of risk.").

15. Because of the number of misrepresentations, number of failures to disclose, the number of parties to which they were made, and the recurrence with which they were made, it is impractical to list each statement made by Defendant and identify to whom it was made on which date. As a result, Plaintiffs have delineated the representations and described the general time periods in which they were made. This is sufficient to meet the requirements of Rule 9(b), particularly in light of the nature of this case. *In re Jacobs* involved an adversary proceeding in which plaintiff Zamora alleged fraud under Section 523(a)(2)(A) of the Bankruptcy Code—the court denied debtor's motion to dismiss, holding that Zamora's allegations "[were] particular enough to adequately place [the debtor] on notice of the purported fraud he needs to defend against."[20] Even though Zamora "[did] not supply exact dates or locations or a word for word recitation of the representation," the court held that "such detail [was] unnecessary….[because]…Zamora sets forth a time frame when the representations where made, *i.e.*, the months leading to the closing of the business in early August of 2005." [21]

16. The Plaintiffs in this case provide greater detail regarding their fraud allegations than Zamora. For example, Plaintiffs provide the time periods in which Wallace transferred money to BizRadio.[22] Plaintiffs also provide a date range during which misrepresentations were ongoing and investments were being accumulated based on these misrepresentations.[23] Plaintiffs meet the "when" requirement by describing the fact that the fraud occurred during the sale of the investments at issue.[24] With regard to the fiduciary duty claims and failure to disclose claims, the

---

[20] *Id*. at 575.
[21] *Id*.
[22] Doc. 152, Complaint, para. 55. ("In September 2006, WBIF II made its first investment in BizRadio in the form of advancing convertible Promissory Notes. By December 31, 2006, WBIF II had advanced $1,493,170.00 to BizRadio, and by June 30, 2007 the invested balance in a failing BizRadio was up to $3,157,170.00.").
[23] *Id*. at para. 61-62.
[24] Doc. 152, Complaint, para 61-62, 67, 82.

Motion is inapplicable because there is not a "when" to be stated, so the Motion to Dismiss should be denied as to those claims.

**d) Where**

17. Plaintiffs have alleged the location of many of Defendants' misrepresentations—"a private-placement memorandum ("PPM") containing information for investors…"[25] As for more specificity for each individual representation or failure to disclose, each time it was made, the same problem of unwieldiness arises. It is impractical for Plaintiffs to list each statement or opportunity to disclose. With regard to the fiduciary duty claims and failure to disclose claims, the Motion is inapplicable because there is not a "where" to be stated, so the Motion to Dismiss should be denied as to those claims.

**II.    *Section 523(a)(2)(A), (a)(4), and (a)(19) Claims***

18. For a debt to be non-dischargeable under 11 U.S.C. Section 523(a)(2)(A), the creditor must show that (i) the debtor made a representation; (ii) the debtor knew the representation was false; (iii) the representation was made with the intent to deceive the creditor; (iv) the creditor actually and justifiably relied on the representation; and (v) the creditor sustained an injury as a result of its reliance.[26]

19. As described herein, Plaintiffs have alleged in their Complaint that Defendant made several representations and that Plaintiffs justifiably relied on these representations. Plaintiffs have also alleged the injuries they have sustained: "The WBL Partnership Plaintiffs and WB Note Plaintiffs suffered damage as a result of Wallace's failure to disclose the above material facts. Collectively, Plaintiffs lost $23,736,219.32…"[27]

---

[25] *Id*. at para. 61.
[26] *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).
[27] Doc. 152, Complaint, para. 91.

20. "Malice, intent, knowledge, and other condition of mind of a person may be averred generally."[28] Plaintiffs have alleged that "Plaintiffs, who often were already investors in one or more of these investments, were repeatedly solicited for additional investments in BizRadio or the WBL Partnerships with promises of returns which Wallace knew were not possible except through a continued Ponzi scheme."[29] The Complaint continues by alleging that "When [representations regarding investment parameters and management capabilities] were made, Wallace knew they were false," and that "Wallace made the…representations with the intent to deceive Plaintiffs."[30]

21. Section 523(a)(4) exempts from discharge debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.[31] The Complaint details the relationship between Defendant and Plaintiffs and describes in detail how Plaintiffs funds were diverted and mismanaged. The allegations are similar to those in *In re Kilroy,* in which the plaintiff alleged a number of ways in which Kilroy mismanaged various business ventures—these allegations were found by the court to be sufficient.[32] Likewise, Plaintiffs' allegations in this case have been sufficiently pled.

22. Under section 523(a)(19), "After the amendment to § 523(a)(19) in BAPCPA, the bankruptcy court can satisfy the requirement of either § 523(a)(19)(B)(i) or (B)(iii) by conducting a federal judicial proceeding and issuing '[a]judgment, order, consent order, or decree' or '[a]…court order… for damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."[33] Therefore, Plaintiffs will ask this Court to enter such judgment.

---

[28] *In re Kilroy,* 357 B.R. 411, 421 (S.D.Texas 2006), quoting Fed.R.Civ.P.9(b).
[29] Doc. 152, Complaint, para. 58.
[30] *Id.* at para. 66.
[31] 11 U.S.C. Sec. 523(a)(4).
[32] *In re Kilroy,* 354 BR 476, 494 (S.D.Texas 2006).
[33] 11 U.S.C. § 523(a)(19)(B).

23. Plaintiffs have alleged that Defendant violated Sections 10(b) and 20 of the 1934 Securities Act—included in the allegations are the specific representations made and the material facts that Defendant failed to disclose in order to induce Plaintiffs into the transactions. Plaintiffs also allege Defendant's control over the entities involved.

24. Furthermore, Plaintiffs allege Defendant's actions involved the sale of securities by means of untrue statements, the materiality of the statements and the Plaintiffs' reliance thereon, and the damages incurred by Plaintiffs as a result of their reliance.

25. The facts alleged by Plaintiffs also encompass the elements of common law fraud sufficient to except claims from discharge under 523(a)(19)(A)(ii).

### III.   *Leave to Amend Complaint*

26. Plaintiffs request that this Court deny Defendant's Motion to Dismiss. However, if the Court is of the opinion that Plaintiffs' Complaint is defective in any respect, Plaintiffs request an opportunity to amend the Complaint to cure the error.

27. Fed. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires."[34] Ordinarily, where a complaint is dismissed on Rule 9(b) "failure to plead with particularity" grounds alone, leave to amend is granted.[35]

28. The court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.[36] District courts "often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case,

---

[34] *Glassman v. Computervision, Corp.*, 90 F.3d 617, 622 (1st Cir.1996).
[35] *See Shapiro v. UJB Financial, Corp,* 964 F.2d 272, 278 (3rd Cir.1992); *Luce v. Edelstein,* 802 F.2d 49, 56-57 (2nd Cir.1986); *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 561-62 & n.6 (2nd Cir.1985).
[36] *In re Saenz,* 516 BR 423, 433 (S.D.Texas 2014).

unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."[37]

29. In this case, if the Court finds Plaintiffs' Complaint defective in any way, it can certainly be cured by amendment. Moreover, Plaintiffs would be willing and able to amend accordingly. Therefore, this Court should refrain from dismissing Plaintiffs' Complaint and permit Plaintiffs' to amend.

### IV.   *Authority to File the Complaint*

30. Defendant asserts in his Motion to Dismiss that Plaintiffs' counsel does not have authority to represent them in filing this action. This allegation is frivolous and without foundation. Plaintiff's counsel has authority to represent the Plaintiffs and to file and prosecute this action on their behalves. Regardless, a Motion to Dismiss under Rule 12(b)(6) is not the proper vehicle to assert a lack of authority. As the Court indicated at the recent status conference, Defendant may file a Motion to Show Authority if he wants to pursue this issue.

WHEREFORE PREMISES CONSIDERED THE PLAINTIFFS respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiffs' Complaint Exempting Debts from Discharge under 11 U.S.C. Section 523 (Doc. 7) for the reasons set forth herein and for such other relief as the Court deems just.

---

[37] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir.2002).

Submitted November 22, 2015.                Respectfully submitted,

*[signature]*

C. Thomas Schmidt
State Bar No. 00797386
7880 San Felipe, Suite 210
Houston, TX 77063
(713) 568-4898 Phone
(815) 301-9000 Fax
ATTORNEY IN CHARGE FOR
PLAINTIFFS

OF COUNSEL:
SCHMIDT LAW FIRM, PLLC

and

PRESTON T. TOWBER
State Bar No. 20152600
Federal ID No. 8217
TOWBER LAW FIRM, PLLC
6750 West Loop South, Suite 920
Bellaire, TX 77401
(832) 485-3555 Phone
(832) 485-3550 Fax
CO-COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via ECF.

*[signature]*

C. Thomas Schmidt