**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>DAVID GORDON WALLACE, JR,<br><br>Debtor. | Case No. 15-31594<br><br>Chapter 7 |

**TRUSTEE'S AGREED MOTION FOR ORDER (I) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019, (II) AUTHORIZING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES OF CERTAIN ASSETS RELATED TO THE SETTLEMENT AND (III) DISMISSING ADVERSARY PROCEEDING NO. 20-03190 AGAINST SUGAR LAND ENTERTAINMENT ENTERPRISES, LP, ET AL.**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, the chapter 7 trustee (the "Trustee") appointed in the Chapter 7 case of David Gordon Wallace, Jr. (the "Debtor" or "Wallace"), files this motion for (i) approval of a settlement between Trustee and Sugar Land Entertainment Enterprises, LP, Sugar Land Sports Management, LLC, Rink Operations Management, LLC, and Sugar Land Rink Lenders, LLC (collectively, the "Skating Rink Entities") that compromises the adversary proceeding *Tow v.*

*Sugar Land Entertainment Enterprises, LP; Sugar Land Sports Management, LLC; Rink Operations Management, LLC; and Sugar Land Rink Lenders, LLC*, Adv. Prod. No. 20-03190 (the "Adversary Proceeding"), under the terms of the Settlement Agreement attached hereto as Exhibit A (the "Settlement Agreement"), (ii) authority to enter into the Equity Purchase Agreement attached hereto as Exhibit B (the "Equity Purchase Agreement") and consummate the sale transaction contemplated under the Equity Purchase Agreement, and (iii) dismissal of the Adversary Proceeding with prejudice, and respectfully states the following:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein are section 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On June 17, 2020, the Trustee commenced the Adversary Proceeding against the Skating Rink Entities in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division. Among other things, the Trustee asserted causes of action for violations of Texas Business Organizations Code §§ 101.502 and 153.552, breach of contract, and an accounting.

5. The Trustee and the Skating Rink Entities now desire to resolve all pending and potential disputes between them, including all claims asserted in or related to the Adversary Proceeding. The Trustee and the Skating Rink Entities have agreed on the terms of a Settlement Agreement.

6. For the reasons discussed below, the Trustee and the Skating Rink Entities respectfully request that the Court enter an order approving the Settlement Agreement, authorizing the Trustee to enter into the Equity Purchase Agreement and consummate the sale transaction contemplated under the Equity Purchase Agreement, and dismissing the Adversary Proceeding.

## RELIEF REQUESTED

7. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and rule 9019 of the Bankruptcy Rules, the Trustee seeks entry of an order, substantially in the form of the proposed order attached hereto, approving the Settlement Agreement, approving the Equity Purchase Agreement and the consummation of the sale transaction under the Equity Purchase Agreement, and dismissing the Adversary Proceeding with prejudice.

## BASIS FOR RELIEF

### A. Approval of Settlement

8. Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

9. Courts should approve a proposed settlement or compromise under Bankruptcy Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968); *United States v. AWECO,*

*Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

10. The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *The Official Committee of Unsecured Creditors v. Moeller (In re AGE Refining, Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

11. Under the third, catch-all provision, the Fifth Circuit has specified two additional considerations. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

    i.    <u>Probability of Success</u>

12. As noted above, the Trustee's claims derive from his requests for certain books and records of the Skating Rink Entities. After the Skating Rink Entities produced records in response to the requests, Pritesh Shah, a principal of Sugar Land Entertainment Enterprises, LP, Rink Operations Management, LLC, and Sugar Land Rink Lenders, LLC was deposed on topics regarding, *inter alia*, the existence of other responsive documents. After the testimony in the deposition, the Trustee is satisfied that the Skating Rink Entities likely produced all available

responsive documents. The remaining claims are based on whether the Skating Rink Entities are in compliance with their obligations under applicable Texas law and the Skating Rink Entities' governance documents.  There is no certainty that the Trustee can establish liability for such claims, and even if so, the damages, if any, are uncertain.

13. The Trustee may also make a request for attorneys' fees to be awarded in connection with its books and records requests, as this Court has noted in prior hearings.  However, the Trustee is satisfied that the purchase and sale of Equity Interests (as defined in the Equity Purchase Agreement) is sufficient for it to waive its right to seek such fees, as well any other relief requested in the Adversary Proceeding.

    ii. <u>Complexity; Duration; Expense</u>

14. If this adversary proceeding continues, the Trustee will incur additional expense in discovery costs establishing the Debtor's estate's claims against the Skating Rink Entities.  These fees and expenses will likely represent a substantial cost to the Debtor's estate as litigation of the claims will require the expenditure of significant litigation-related expenses.  Additionally, it will likely take additional time to resolve the Debtor's estate's claims against the Skating Rink Entities.  The settlement of the claims against the Skating Rink Entities allows the Trustee to avoid these expenses and collect what the Trustee deems to be an acceptable purchase price for the Equity Interests.

    iii. <u>Other Factors: Best Interests of Creditors and Arm's Length Transaction</u>

15. The proposed settlement provides the Debtor's estate with the benefit of a substantial payment to be made as of the closing of the transactions in the Equity Purchase Agreement. The certainty of payment presently rather than the possibility of a smaller payment later confirms that the settlement is in the best interest of the Debtor's estate's creditors and promotes the integrity of the judicial system.

16. Finally, the negotiation of the Settlement Agreement and the Equity Purchase Agreement is the product of an arms' length negotiation between the parties. This weighs in favor of approval of the settlement.

### B. Transfer of Equity Interests Free of Liens, Claims, Interests and Encumbrances

17. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, "for the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business." *In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986). Whether a transaction has a sufficient articulated business justification depends on the facts of the case. *Id.*

18. Once a trustee has articulated a valid business justification, "a presumption [arises] that the officers and directors of a corporation, in making a business decision for that corporation, act only after they have been appropriately informed and after they have honestly determined that the action to be taken is in the best interest of the corporation." *In re Performance Nutrition, Inc.*, 239 B.R. 93, 111 (Bankr. N.D. Tex. 1999). When applying the "business judgment" standard, courts show deference to a debtor's business decisions. *See, e.g., In re Tom's Foods Inc.*, 2005 WL 3022022, *2 (Bankr. M.D. Ga. 2005) ("courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence"); *Atkins v. Hibernia Corp.*, 182 F.3d 320, 324 (5th Cir. 1999); *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd. (In re State Park*

6

*Bldg. Group, Ltd.)*, No. Civ. A. 3:04-CV-2411-M, 2009 WL 440379, *2 (N.D. Tex. Feb. 23, 2009) ("great judicial deference is given to [the debtor in possession's] exercise of business judgment").

19. The Trustee has determined that immediate approval of the Sale is the best way to maximize the value of the Debtor's estate for the benefit of all constituencies. The Trustee does not have a need for the Assets to wind down the affairs of the Debtor.

20. Based on the foregoing, the Trustee has determined in its sound business judgment that the sale of the Equity Interests on the terms and conditions set forth in the Equity Purchase Agreement are fair and reasonable and in the best interest of the Debtor's estate, its creditors, and all parties in interest in the Debtor's chapter 7 case.

21. Under section 363(f) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(i) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(ii) such entity consents;

(iii) such interest is a lien and the price at which the property is sold is greater than all liens on such property;

(iv) such interest is in bona fide dispute; or

(v) such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

22. To facilitate the sale of the Equity Interests, the Trustee requires authorization to sell them free and clear of any and all liens, claims, encumbrances, or interests. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements is sufficient to permit the sale to be free and clear of all liens, claims, encumbrances, and interests (each, an "Interest", and collectively, the "Interests").

23. Here, a "free and clear" sale is warranted because sections 363(f)(l) and (5) are satisfied. The Trustee contends that if there is anyone with a lien or a claim against the Equity Interests, then applicable non-bankruptcy law permits sale of such property free and clear of such any monetary liens and claims asserted against it. Also, the Trustee contends that such entities could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

24. Here, Neal Jain ("Jain") has filed a proof of claim against the Debtor. Pursuant to the proof of claim, before the commencement of the bankruptcy action, the Debtor purportedly pledged the Equity Interests to Jain as collateral for indebtedness. In adjudicating Jain's claim against the Debtor for indebtedness owed, Jain could be compelled to accept a money satisfaction of his Interests. Accordingly, the sale of the Equity Interests as contemplated in the Equity Purchase Agreement may be made free of liens, claims, interests and encumbrances. To satisfy the terms of the Equity Purchase Agreement, the Trustee requests that the Equity Interests be sold free of liens, claims, and encumbrances.

### C. Dismissal of Adversary Proceeding

25. As contemplated under the Settlement Agreement, the parties seek to dismiss the Adversary Proceeding with prejudice with this Court retaining jurisdiction in connection with any disputes arising from the implementation of the Settlement Agreement or the Equity Purchase Agreement.

[Remainder of Page Intentionally Left Bank]

## CONCLUSION

WHEREFORE, Rodney D. Tow, Chapter 7 Trustee, requests that the Court issue an order substantially in the form attached hereto and such other relief that is just and proper.

Respectfully submitted,

PARKINS LEE & RUBIO LLP

*/s/ Charles M. Rubio*
Charles M. Rubio P.C.
Pennzoil Place
700 Milam, Suite 1300
Houston, Texas 77002
Phone: (212) 763-3331
Email: crubio@parkinslee.com

*Counsel to Rodney D. Tow, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I certify that on February 12, 2021, a true and correct copy of the foregoing document was served (i) by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such notice and (ii) to the following parties, by the method indicated:

Gregg S. Weinberg
Dustin Fessler
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Blvd., Floor 57
Houston, Texas 77056
Email: gweinberg@rmwbhlaw.com
Email: dfessler@rmwbh.com
*By email*

David Gordon Wallace Jr.
1634 Brookstone Lane
Sugar Land, TX 77479-1895
*By mail*

Neal Jain Ness
17 St. Peters Walk
Sugar Land, TX 77479-2525
*By mail*

Jacquelyn Marie Wallace 1996 Trust
13131 Dairy Ashford, Suite 175
Sugar Land, Texas 77478
*By mail*

Whitney Leigh Wallace 1996 Trust
13131 Dairy Ashford, Suite 175
Sugar Land, Texas 77478
*By mail*

                                        */s/ Charles M. Rubio*
                                        Charles M. Rubio