UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DAVID GORDON WALLACE, JR., | § | |
|     Debtor, | § | |
| _____ | § | |
| RODNEY D. TOW, CHAPTER 7 TRUSTEE | § | |
| FOR THE ESTATE OF DAVID GORDON | § | CASE NO. 15 – 31594 |
| WALLACE, JR., | § | |
|     Plaintiff, | § | (Chapter 7) |
| | § | |
| v. | § | |
| | § | Adversary No. 20-03190 |
| SUGAR LAND ENTERTAINMENT | § | |
| ENTERPRISES, LP; SUGAR LAND SPORTS | § | |
| MANAGEMENT, LLC; | § | |
| RINK OPERATIONS MANAGEMENT, | § | |
| LLC; AND SUGAR LAND RINK LENDERS, | § | |
| LLC, | § | |
|     Defendants. | § | |

**SETTLEMENT AGREEMENT**

    This Settlement Agreement ("**Agreement**") is entered into as of February 8, 2021 (the "**Effective Date**"), by and between Rodney D. Tow, in his capacity as Chapter 7 Trustee for the Estate of David Gordon Wallace, Jr. (the "**Trustee**"), Sugar Land Entertainment Enterprises, LP, a Texas limited partnership ("**SLEE**"), Rink Operations Management, LLC, a Texas limited liability company ("**ROM**"), Sugar Land Sports Management, LLC, a Texas limited liability company ("**SLSM**"), and Sugar Land Rink Lenders, LLC, a Texas limited liability company ("**SLRL**"; together with SLEE, ROM, and SLSM, the "**Skating Rink Entities**"; the Skating Rink Entities and the Trustee, collectively, the "**Parties**").

    WHEREAS, the Parties are parties to the above-styled adversary proceeding (the "**Action**") pending in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

    WHEREAS, the Action involves a dispute concerning, among other things, the value of the ownership interests in the Skating Rink Entities formerly owned or controlled by Wallace, and a claim for sanctions for the Trustee's attorney fees incurred in the Action (the "**Dispute**");

    WHEREAS, in connection with this Agreement and the settling of the differences, disputes, and claims, provided for herein, the Estate of David Gordon Wallace, Jr. (the "**Estate**") is entering into that certain Equity Purchase Agreement ("**Purchase Agreement**") dated effective as of December 31, 2020, by and between the Trustee, Lai Family Investments Inc., a Texas corporation ("**Lai**"), and Dinesh Shah, a Texas resident ("**Shah**" and together with Lai, the "**Buyers**"), pursuant to which Purchase Agreement the Trustee is selling to Buyers certain ownership interests in certain of the Skating Rink Entities; and

    WHEREAS, the Parties have agreed to settle and completely and finally resolve their outstanding differences, disputes, and claims, known or unknown, as more fully set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which each of the Parties acknowledges, the Parties hereby agree as follows:

1. **Purchase Agreement; Costs and Attorneys' Fees.** Concurrently with the execution of this Agreement, the Trustee (on behalf of the Estate) and the Buyers shall execute the Purchase Agreement. The Parties acknowledge and agree that each Party is solely responsible for paying any attorney fees and costs it incurred in connection with the Dispute, including but not limited to costs and attorney fees incurred in connection with the Action or the negotiation and execution of this Agreement. No Party, nor its attorneys, will seek any award of attorneys' fees or costs from the other Party, except as provided in this Agreement.

2. **Release.** Subject to the closing of the transaction contemplated under the Purchase Agreement and the delivery of the Purchase Price to the Estate, the Trustee, in his capacity as Chapter 7 Trustee for the Estate of David Gordon Wallace, Jr., and on behalf of himself, the Estate, David Gordon Wallace, Jr., the Whitney Leigh Wallace 1996 Sub-S Trust, and the Jacquelyn Marie Wallace 1996 Sub-S Trust, and each of their respective affiliates and assigns, and their respective past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, acting in such capacities, and to the extent the Trustee has the authority to do so, all persons acting by, through, under, or in concert with them (collectively, the "**Releasors**"), hereby release and discharge the Skating Rink Entities, together with their respective predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates, and assigns, and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and successors in interest, and all persons acting by, through, under or in concert with them (collectively, the "**Releasees**"), and each of them, from all charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any kind or nature whatsoever no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, and costs and attorneys' fees related to or arising from the Dispute (collectively, the "**Released Claims**"), whether in law or in equity, whether known or unknown, suspected or unsuspected, that the Trustee has, or may have had, against the Skating Rink Entities, whether or not apparent or yet to be discovered, or that may hereafter develop, for any acts or omissions related to or arising from any of the following: (i) the Dispute; (ii) this Agreement; (iii) any agreement between the Parties other than this Agreement or the Purchase Agreement; (iv) any other matter between the Parties; and (v) any claims that could be asserted between the Parties under federal, state, or local law, rule, or regulation; provided that this release does not release the Releasors for any obligations to the Trustee under this Agreement of the Purchase Agreement.

3. **No Outstanding or Known Future Claims or Causes of Action.** The Trustee represents and warrants that it has not filed with any governmental agency, court, or other tribunal any type of action or report against the Skating Rink Entities other than the Action, and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the Released Claims set out in the Release section of this Agreement.

4. **Right to Settle; No Assignment or Transfer of Claims.** Subject to the approval of this Agreement by the Bankruptcy Court, each Party represents and warrants that it has the right and authority to release, relinquish, settle, and discharge all Released Claims addressed in the Release section of this

Agreement and that he has not transferred such right or authority to any individual or entity who is not a party to this Agreement.

5. **Acknowledgment of Settlement.** The Trustee acknowledges that: (a) the consideration set forth in this Agreement and the Purchase Agreement is in full settlement of all claims or losses of whatsoever kind or character that Releasors have, or may ever have had, against the Releasees as described in the Release section of this Agreement, including by reason of the Dispute; and (b) by entering into this Agreement, signing it, and accepting the consideration provided herein and the benefits of it, the Releasors are giving up forever any right to seek further monetary or other relief from the Releasees as broadly described in the Release section of this Agreement, for any acts or omissions up to and including the Effective Date of this Agreement, including, without limitation, the Dispute.

6. **Bankruptcy Court Approval.** Notwithstanding anything else herein, the effectiveness of this Agreement is subject to entry of an order by the Bankruptcy Court approving this Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure. If the Bankruptcy Court does not enter an order approving this Agreement within ninety (90) days of the Effective Date, then this Agreement shall be null and void unless this time period is extended by agreement of the Parties.

7. **Agreement to Cooperate.** Each Party agrees to take all actions and to make, deliver, sign, and file any other documents and instruments necessary to carry out the terms, provisions, purpose, and intent of this Agreement.

8. **No Admission of Liability.** The Parties understand and agree that this Agreement and the performance of the conditions and provisions of this Agreement are not to be construed as an admission of any liability whatsoever by any of the Parties to this Agreement.

9. **Dismissal of Legal Proceedings.** The Trustee and its counsel shall take whatever actions are necessary to ensure that the Action is dismissed with prejudice and without costs or fees, within fifteen (15) days after the last of the following events occurs: (a) the last Party signs this Agreement; (b) the Trustee's counsel receives any required court order approving the settlement; and (c) the Trustee receives the Purchase Price (as defined in the Settlement Agreement). The Skating Rink Entities will cooperate with Trustee in securing the dismissal of the Action as appropriate.

10. **Inurement.** The Parties intend that this Agreement is legally binding upon and shall inure to the benefit of each of them and their respective predecessors, successors, assigns, executors, administrators, heirs, and estates.

11. **Entire Agreement.** This Agreement, together with the Purchase Agreement and the deliverables referenced therein, constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and proposed agreements, written or oral concerning the subject matter contained in this Agreement. Each Party expressly acknowledges, warrants, and represents that in executing the releases or entering into this Agreement, it is not relying upon any statement, representation, promise, agreement, or warranty not contained in this Agreement. In deciding to enter into this Agreement, each Party is relying solely on its own judgment and each has been represented by legal counsel of its choosing in this matter. Each Party represents and warrants that it has read and understands the entire contents of this Agreement and understands the legal consequences of the Agreement and releases.

12. **Amendment; Modification.** Any amendment or modification of this Agreement must be in a writing signed by the Parties to be binding.

13. **New or Different Facts: No Effect.** This Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true.

14. **Interpretation.** The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, the Parties agree that they participated equally in drafting and negotiating the terms of this Agreement and that this Agreement shall not be construed against any Party as the author or drafter of the Agreement.

15. **Severability.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

16. **Enforcement.** Nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement or the Purchase Agreement.

17. **Governing Law.** This Agreement and all related documents including all exhibits attached hereto, and all matters arising out of or relating to this Agreement, whether sounding in contract, equity, tort, or statute are governed by, and construed in accordance with, the laws of Texas, without giving effect to the conflict-of-laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of Texas.

18. **Notice.** Each Party shall deliver all notices, requests, consents, claims, demands, waivers, and other communications under this Agreement (each, a "**Notice**") in writing and addressed to the other Party at its address set out below (or to any other address that the receiving Party may designate from time to time in accordance with this section). Each Party shall deliver all Notices by personal delivery, nationally recognized overnight courier (with all fees prepaid) or certified or registered mail (in each case, return receipt requested, postage prepaid), in each case together with an email (with confirmation of transmission). Except as otherwise provided in this Agreement, a Notice is effective only (a) upon receipt by the receiving Party; and (b) if the Party giving the Notice has complied with the requirements of this Section. The Parties shall deliver any Notice at least seven (7) days before the event addressed by the Notice, unless it is impossible to do so or a longer period is required by other terms of this Agreement.

| If to the Trustee: | Rodney D. Tow, Chapter 7 Trustee<br>c/o Rodney Tow, PLLC<br>1122 Highborne Cay Court<br>Texas City, Texas 77590-1403<br>Email: rtow@rtowtrustee.com |
|---|---|
| with a copy to (which will not constitute knowledge): | Parkins Lee & Rubio LLP<br>Attn: Charles Rubio<br>50 Main Street, Suite 1000<br>White Plains, NY 10606<br>Email: crubio@parkinslee.com |

|  |  |
|---|---|
| If to SLEE: | Sugar Land Entertainment Enterprises, LP<br>c/o Rink Operations Management, LLC<br>Attn: Pritesh Shah, Manager<br>16225 Lexington Blvd.<br>Sugar Land, TX 77479-2304<br>Email: pritesh@shahcompanies.com |
| with a copy to (which will not constitute knowledge): | RMWBH<br>Attn: Dustin C. Fessler; Justin K. Markel<br>2800 Post Oak Blvd., 57th Floor<br>Houston, TX 77056<br>Email: dfessler@rmwbh.com; jmarkel@rmwbh.com |
| If to ROM | Rink Operations Management, LLC<br>Attn: Pritesh Shah, Manager<br>16225 Lexington Blvd.<br>Sugar Land, TX 77479-2304<br>Email: pritesh@shahcompanies.com |
| If to SLSM: | Sugar Land Sports Management, LLC<br>Attn: Pritesh Shah, Vice President<br>16225 Lexington Blvd.<br>Sugar Land, TX 77479-2304<br>Email: pritesh@shahcompanies.com |
| If to SLRL: | Sugar Land Rink Lenders, LLC<br>Attn: Pritesh Shah, Vice President<br>16225 Lexington Blvd.<br>Sugar Land, TX 77479-2304<br>Email: pritesh@shahcompanies.com |

19. **Reliance on Own Counsel.** In entering into this Agreement, each Party acknowledges that: (a) it has had the opportunity to seek and rely upon the legal advice of attorneys of its own choosing; (b) it fully understands and voluntarily accepts this Agreement's terms based on the consideration set forth in this Agreement and not on any other promises or representations by the other Party or any attorney or other agent or representative of the other Party; and (c) in deciding to sign this Agreement, it did not rely and has not relied on any oral or written representation or statement by the other Party or any attorney, or other agent or representative of the other Party, including but not limited to any representation or statement about the subject matter, basis, or effect of this Agreement.

20. **Counterparts and Copies.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic signatures and signature pages sent by electronic mail shall be binding as though they are originals.

21. **Authority to Execute Agreement.** By signing below, each Party warrants and represents that it is authorized to execute this Agreement or the person signing this Agreement on its behalf has authority to bind that Party.

22. **Effective Date.** Subject to Section 6 of this Agreement, the terms of this Agreement will be effective as of the Effective Date.

**EACH OF THE PARTIES CERTIFIES THAT IT HAS READ ALL OF THIS AGREEMENT AND FULLY UNDERSTANDS AND AGREES TO EACH OF THE ABOVE TERMS, CONDITIONS, AND PROVISIONS.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, and intending to be legally bound, each of the undersigned Parties hereto has caused this Agreement to be executed as of the Effective Date set forth below.

TRUSTEE:

_____
RODNEY D. TOW,
Chapter 7 Trustee for the
Chapter 7 Estate of David Gordon Wallace, Jr.

SKATING RINK ENTITIES:

SUGAR LAND ENTERTAINMENT ENTERPRISES, LP

By:  Rink Operations Management, LLC,
     its General Partner

     By: _____
         Pritesh Shah
         Manager

RINK OPERATIONS MANAGEMENT, LLC

By: _____
    Pritesh Shah
    Vice President

SUGAR LAND SPORTS MANAGEMENT, LLC

By: _____
    Pritesh Shah
    Vice President

SUGAR LAND RINK LENDERS, LLC

By: _____
    Pritesh Shah
    Vice President

IN WITNESS WHEREOF, and intending to be legally bound, each of the undersigned Parties hereto has caused this Agreement to be executed as of the Effective Date set forth below.

**TRUSTEE:**

_____
RODNEY D. TOW,
Chapter 7 Trustee for the
Chapter 7 Estate of David Gordon Wallace, Jr.

**SKATING RINK ENTITIES:**

SUGAR LAND ENTERTAINMENT
ENTERPRISES, LP

By:      Rink Operations Management, LLC,
         its General Partner

       By: _____
            Pritesh Shah (Feb 8, 2021 17:10 CST)
            Pritesh Shah
            Manager

RINK OPERATIONS MANAGEMENT, LLC

By: _____
     Pritesh Shah (Feb 8, 2021 17:10 CST)
     Pritesh Shah
     Vice President

SUGAR LAND SPORTS MANAGEMENT, LLC

By: _____
     Pritesh Shah (Feb 8, 2021 17:10 CST)
     Pritesh Shah
     Vice President

SUGAR LAND RINK LENDERS, LLC

By: _____
     Pritesh Shah (Feb 8, 2021 17:10 CST)
     Pritesh Shah
     Vice President

SETTLEMENT AGREEMENT
SIGNATURE PAGE
**EX. A - 008**