

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/08/2021

| | |
|---|---|
| In re:<br><br>DAVID GORDON WALLACE, JR,<br><br>Debtor. | Case No. 15-31594<br><br>Chapter 7 |

**ORDER (I) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019, (II) AUTHORIZING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES OF CERTAIN ASSETS REALTED TO THE SETTLEMENT AND (III) DISMISSING ADVERSARY PROCEEDING NO. 20-03190 AGAINST SUGAR LAND ENTERTAINMENT ENTERPRISES, LP, ET AL.**

The Court, having considered the *Trustee's Agreed Motion For Entry of an Order (i) Approving Settlement Pursuant to Bankruptcy Rule 9019, (ii) Authorizing the Sale Free and Clear of Liens, Claims, Interests and Encumbrances of Certain Assets Related to the Settlement, and (iii) Dismissing Adversary Proceeding No. 20-03190 against Sugar Land Entertainment Enterprises LP, et al* (the "Motion"),[1] any responses to the Motion, the statements of counsel, and the record in this case, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (e) good and sufficient cause exists to grant the relief requested.  Therefore, the Court HEREBY FINDS and ORDERS the following:[2]

---

[1]  Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.
[2]  Each finding of fact more appropriately considered a conclusion of law is so deemed; each conclusion of law more appropriately considered a finding of fact is so deemed.

1. All objections to the Motion and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

2. The Settlement Agreement between the Trustee and Sugar Land Entertainment Enterprises, LP, Sugar Land Sports Management, LLC, Rink Operations Management, LLC, and Sugar Land Rink Lenders, LLC (collectively, the "Skating Rink Entities") is approved.

3. The Trustee is authorized to enter into the Equity Purchase Agreement among the Trustee, Lai Family Investments, Inc., and Dinesh Shah, and the ancillary documents related thereto and perform his obligations under the Equity Purchase Agreement.

4. Pursuant to section 363(f) of the Bankruptcy Code, the Trustee is hereby authorized to sell and transfer the Equity Interests (as defined in the Equity Purchase Agreement) to Lai Family Investments, Inc. and Dinesh Shah ("Buyers"), free and clear of all liens, claims, interests, and other encumbrances. Upon the consummation of the sale of the Equity Interests, all right, title, and interest in and to the Equity Interests shall pass to the Buyers (in proportions set forth in the Purchase Agreement), and:

    a. none of David Wallace, the Estate of David Wallace, the Whitney Leigh Wallace 1996 Sub-S Trust, or the Jacquelyn Marie Wallace 1996 Sub-S Trust (collectively, the "Seller Parties") will be a partner or assignor of partnership interest of Sugar Land Entertainment Enterprises, LP;

    b. none of the Seller Parties will be a member or assignor of membership interest of Rink Operations Management, LLC; and

    c. none of the Seller Parties will be a member or assignor of membership interest of Sugar Land Rink Lenders, LLC.

5. Adversary Proceeding No. 20-03190 is dismissed with prejudice.

6. The Trustee is authorized to execute any and all documentation necessary to carry out the provisions of this Order.

7. This Court shall retain non-exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Signed: March 08, 2021

Marvin Isgur
United States Bankruptcy Judge